69476. DE LA GONZALEZ v. KRYSTAL COMPANY.
(327 SE2d 546)

POPE, Judge.
Appellant Jose de la Gonzalez brought suit against appellees The Krystal Company d/b/a Krystal, Alert Guard Security Services, Inc. (Alert), R. Laney and R. J. Collins alleging false imprisonment and intentional infliction of emotional distress. Before trial Gonzalez dismissed the count in his complaint alleging intentional infliction of emotional distress.

On April 7, 1983 Gonzalez had stopped at Krystal for a hamburger. While there, he witnessed a confrontation between Laney and Collins, two security guards, and Michael Sowell. Sowell was taken out of the restaurant and put under arrest outside. Witnesses differ on Sowell's resistance to his arrest and the officers' conduct in arresting him. Gonzalez was arrested after he approached the guards, identified himself as a nurse, offered aid, and urged the officers to use restraint in subduing Sowell. The officers asked Gonzalez to step aside and to not interfere with the arrest; if he persisted, he would be arrested. Shortly thereafter, both Sowell and Gonzalez were arrested by Atlanta police.

The case was tried to a jury; at the conclusion of Gonzalez' case, the trial court directed verdicts in favor of Krystal, Alert and Collins. Trial continued in regard to Laney and the jury returned a verdict of

$17,250 damages, $20,000 punitive damages, and $750 in attorney fees.

1. Appellee Krystal has moved to dismiss the appeal because appellant's notice of appeal was from the order granting a directed verdict and not from the final judgment of the court. We must deny the motion as this case is clearly controlled by the holding in *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984).

2. Gonzalez argues that the trial court erred in not allowing him to use the transcribed testimony of a deceased witness taken in a previous hearing. He relies upon OCGA § 24-3-10 which reads: "The testimony of a witness since deceased, disqualified, or inaccessible for any cause which was given under oath on a former trial upon substantially the same issue and between substantially the same parties may be proved by anyone who heard it and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies."

The testimony sought to be introduced was taken at a preliminary hearing for Michael Sowell on criminal charges arising from the April 7 incident. The testimony was offered to support Sowell's version of the events and Gonzalez was mentioned. Neither Gonzalez nor Krystal nor Alert were parties to this hearing. We have examined the transcript of the preliminary hearing in the record. It was conducted informally and there was no cross-examination of any witness, although the court did ask some questions. Laney and Collins appeared as witnesses for the State. The issue to be determined was whether there was probable cause to hold Sowell on charges of disorderly conduct. We do not find there to be substantially the same issue or substantially the same parties involved in the earlier action. The trial court did not err in excluding the testimony.

3. Gonzalez next argues that it was error for the trial court to grant directed verdicts to Krystal, Alert and Collins. The basis of the motion in regard to Krystal and Alert is that Gonzalez produced no evidence to show that Laney and Collins were agents of either company. Gonzalez sought to hold Krystal and Alert liable on the theory of respondeat superior. Therefore, Gonzalez had the burden to prove that Laney and Collins were agents of Krystal and Alert. See *Carter v. Kim*, 157 Ga. App. 418 (277 SE2d 776) (1981). Gonzalez adduced evidence that Laney and Collins were security guards. There is nothing in the record to establish by whom they were employed or why they were in the Krystal restaurant at the time of the incident. The evidence established only that the two security guards were seated in the public area of the restaurant, became aware of the disturbance, investigated, and took Sowell out of the restaurant after the store manager stated that she did not want them in the store anymore. There is evidence that Laney, while he was subduing Sowell, said in

response to a question that he was the authority on Krystal's property. During his testimony, Gonzalez consistently confused Laney and Collins, referring to Collins when he meant Laney and Laney when he meant Collins. The evidence nevertheless establishes that Laney was the one who detained Gonzalez and had him arrested.

In regard to Alert, we find that Gonzalez failed completely to carry his burden of proof. There is no evidence in the record to link Laney and Collins with Alert as either employees or agents at the time of the incident. Merely having a witness identify Laney and Collins at trial, and having the witness agree that Alert was a defendant in the trial proves nothing. The trial court correctly granted a directed verdict to Alert.

In regard to Krystal, Gonzalez relies heavily on the case of *United States Shoe Corp. v. Jones*, 149 Ga. App. 595 (1) (255 SE2d 73) (1979), which holds that one who hires an independent security agency is liable for the intentional torts of the agency's personnel committed in the scope of the agency's employment against the hirer's invitees. However, the rule is not in dispute; Krystal argues that there is no evidence in the record that it hired independent security and that there is no evidence that Laney and Collins were employees or agents of any kind for Krystal. Gonzalez argues that evidence of Laney's statement that he was the authority on Krystal's property is proof of agency. " 'A claim of agency may be proved, as any other fact, by circumstantial evidence . . . The fact of agency may be established by proof of circumstances, apparent relations, and the conduct of the parties. [Cit.]' " *Greenbaum v. Brooks*, 110 Ga. App. 661, 664 (139 SE2d 432) (1964). "The declaration of an agent is not competent to prove the agency unless it accompanies the transaction or is a part of the res gestae *and* there is other evidence, direct or circumstantial, which tends to prove the agency, in which event such declaration is admissible in corroboration. [Cits.] . . . Such declaration as to agency, where not a part of the res gestae or accompanying the transaction *and* in corroboration of other evidence or circumstances tending to prove the agency, is hearsay and is of no probative value, whether objected to or not. [Cits.]" *King v. Bonnerman*, 93 Ga. App. 210, 211 (91 SE2d 196) (1956). See also *Mullis v. Merit Finance Co.*, 116 Ga. App. 582 (158 SE2d 415) (1967).

We have searched the record and find no direct evidence of agency between the two guards and Krystal. Nor is there circumstantial evidence tending to prove such agency. Gonzalez' case-in-chief consisted solely of testimony of Charles Seacrest, an eyewitness, and Gonzalez himself. The testimony merely established that the two guards were in the public area of the restaurant, became aware of a disturbance, investigated, and took the man causing the disturbance out of the restaurant. These facts do not tend to prove that the

guards were employed by Krystal. The evidence showed that the guards were in the public area of the restaurant, eating. Their authority to arrest Sowell and Gonzalez did not depend on authority granted by Krystal. A security guard has the authority, as does any citizen, to arrest an offender if the offense is committed in his presence or within his immediate knowledge. OCGA §§ 43-38-13 and 17-4-60. It follows that Laney's statement is therefore inadmissible to prove agency. We find that the trial court did not err in granting a directed verdict to Krystal.

The basis for the motion regarding Collins is that there was no evidence that Collins did anything with regard to Gonzalez. Our review of the record reveals no evidence, direct or circumstantial, that Collins caused or aided the arrest of Gonzalez. Our review is complicated by the fact that at trial Gonzalez consistently misidentified the two guards, calling Collins, Laney, and Laney, Collins. However, on cross-examination the correct bodies were finally put with the correct names, and it is apparent that the arrest of Gonzalez was made by Laney. Thus, the directed verdict as to Collins was proper.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985.

*Alan Eisenstein*, for appellant.
*Robert A. Sneed, Sr.*, for appellee.