## 71282. SHIRLEY v. COUCH et al.
### (339 SE2d 648)

DEEN, Presiding Judge.

"Earthworm case." On various occasions during 1977, Jimmie D. Couch solicited from the appellant, James Shirley, a total of $10,000 to be used in a partnership engaged in raising earthworms in Texas. This partnership, known as the Super Worm Ranch, consisted of Couch, who was an old friend of the appellant, and the appellee, Clyde Braddock, who was Couch's brother-in-law. At all times during the solicitation, both Couch and Braddock lived in Texas, but on at least two occasions Couch negotiated the arrangement with the appellant at the latter's residence in Georgia.

The appellant considered his advancement of the $10,000 a loan, to be repaid in full with 10 percent interest and to be secured by the partnership property in Texas. (Couch and Braddock, however, have contended that the money was an investment in the business and lost when the business failed.) In November 1978 the appellant received $1,000 from Couch; although the check was earmarked as a "S & W dividend," the appellant took it as first payment of the yearly interest on the loan. Other than a refund of $100 of the amount originally advanced, the appellant received no more payments from Couch, Braddock, or the Super Worm Ranch.

The appellant subsequently commenced this action against Couch and Braddock, and he was granted summary judgment against Couch except for the issue of attorney fees, which was left for jury determination along with the question of Braddock's liability. When the matter proceeded to trial, the jury returned a verdict for $5,000 attorney fees, but the trial court directed a verdict for Braddock, on the basis that the appellant had not proven Couch's agency relationship with Braddock or the date of the creation of the partnership. Shirley appeals from that direction of the verdict. *Held*:

Because all of the negotiations from the alleged loan involved Couch and the appellant, the appellant had the burden of proving an agency relationship between Couch and Braddock. The fact of agency may be shown by proof of circumstances, apparent relations, and the conduct of the parties. *De la Gonzalez v. Krystal Co.*, 173 Ga. App. 574, 576 (327 SE2d 546) (1985); *Fordham v. Garrett-Schwartz Mtr. Co.*, 121 Ga. App. 237 (173 SE2d 450) (1970). The declaration of an alleged agent as to the agency relationship is admissible and probative only where the representation accompanies the transaction and there is other evidence which tends to prove the agency. *De la Gonza-*

*lez v. Krystal Co.*, supra. Agency may also be established by the subsequent ratification and adoption of the act by the principal, but there must be some evidence of the principal's knowledge of the material facts. OCGA § 10-6-52, generally; *Hill Aircraft &c. Corp. v. Cintas Corp.*, 169 Ga. App. 747 (315 SE2d 263) (1984); *Klingbeil v. Renbaum*, 146 Ga. App. 591 (246 SE2d 698) (1978).

In the instant case, there was no evidence adduced at trial as to the exact date that the partnership of Couch and Braddock was created. (The record does contain a copy of the actual partnership agreement, dated August 23, 1977, between Couch and Braddock, which was apparently obtained by Shirley through discovery, but that document was never tendered at trial.) In response to $6,500 received from the appellant in late July 1977, on or about September 8, 1977, Couch sent the appellant a document certifying that as of July 15, 1977, the appellant had invested a total of $10,000 in the Super Worm Ranch, a general partnership comprised of Couch and Braddock. In November 1977 the appellant travelled to Texas and inspected the worm ranch, on which Braddock and his family resided, and at that time Braddock allegedly remarked that "this is the house and 11 acres that we bought with your money." Braddock also accompanied Couch to Georgia in April 1978 and gave the appellant a dollar bill representing the first Super Worm Ranch sale. The appellant received a Christmas card from Braddock in 1979, which included a brief progress report on the worm ranch and an apology for the delay in sending the appellant his check. Lastly, the appellant recounted how he contacted Braddock several times in 1980 to complain about the partnership's nonpayment of the loan and interest, and Braddock had never repudiated the liability but instead had promised to give him a security deed on some property he owned in North Carolina. This body of evidence, while mostly circumstantial, would have supported a finding that Couch had acted as a partner/agent for Braddock at the time of the loan or that Braddock had ratified Couch's agreement with the appellant by accepting the benefits with knowledge of the agreement. Accordingly, the trial court erred in directing a verdict for Braddock.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986.

*E. Wycliffe Orr*, for appellant.
*Pierre Howard, Jr.*, for appellees.