A90A2189. CHROSTOWSKI v. G & MSS TRUCKING, INC. et al.
(401 SE2d 53)

DEEN, Presiding Judge.

Loretta Stowe Chrostowski, as administratrix of the estate of Robert Gene Stowe and as guardian of Sara Renee Stowe and Robert Adam Stowe, filed suit against G & MSS Trucking, Inc., Billy Wayne Milam, and Royal Indemnity Company (Royal), to recover damages for the death of Robert Gene Stowe. Stowe was killed when the

chicken truck that he was driving was struck and crushed by a log truck carrying a load of logs and driven by Milam. Milam was charged with reckless driving, homicide by vehicle in the first degree, driving under the influence of intoxicating drugs, driving on the left side of the road, and speeding.

The cab of the log truck had G. D. K. Trucking, Inc., printed on it, and Brownlow, the president of both G. D. K. and G & MSS, claims that G & MSS did not own and was not operating the log truck. Brownlow operated G & M Trucking, which was not incorporated, until 1986 when it was incorporated as G & MSS. In 1988 he formed a second corporation known as G. D. K. G & MSS was to be an interstate carrier and G. D. K. was to operate only within Georgia. Brownlow claims that G & MSS sold the truck to G. D. K. some four months prior to the accident. Appellant's lawsuit alleged that the truck was owned and operated by both companies, that Milam was employed by both trucking companies, and that Stowe was killed as a result of the reckless and negligent actions of the driver, Milam. G & MSS denied that Milam was one of its employees.

The documentary evidence showed that title to the truck was not transferred from G & MSS to G. D. K. until more than seven months after the wreck, and the tag receipt for the trailer was issued to G & M Trucking, the unincorporated predecessor of G & MSS. Maintenance records are also in the name of G & M Trucking. South Carolina fuel tax records show that shortly before the accident, G & MSS represented that it owned the truck in question and fuel tax decals were issued which would not become effective until three months before the accident. While Milam testified that G. D. K. trucks do not travel out of state, photographic evidence shows that the truck that he drove on the date of the accident had fuel tax decals from many states affixed to its bumper. Milam worked for G & M until it was incorporated as G & MSS in 1986, and allegedly went to work for G. D. K. when it was incorporated in 1988. His work driving trucks for Brownlow's corporations was rather sporadic because he was frequently "on restriction" at the insurance companies' request because his driving record included many speeding tickets and other violations. Records for Milam's hospital admission for treatment for his alcohol and drug problems approximately six weeks before the accident indicate that he claimed that he was employed by G & M although his deposition testimony was that he worked for G. D. K. after its incorporation date. His payroll records indicate that his work starting date was during the period that Brownlow was operating G & M Trucking.

G & MSS and Royal Indemnity Company moved for summary judgment contending that they should not be defendants in the lawsuit because G & MSS did not own the truck in question, and Milam

was not employed by G & MSS. The trial court granted summary judgment in favor of G & MSS and Royal Indemnity holding that title alone was insufficient to establish liability, that there was no evidence that Milam was an agent of G & MSS, that G. D. K. and G & MSS were separate entities, and that there was no evidence that Royal was the insurer of the truck at the time of the accident.

1. On summary judgment the movant bears the burden of establishing lack of a genuine issue of fact, and a right to a judgment as a matter of law. Any doubts are to be resolved against him. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442) (1962). The party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence in determining whether a genuine issue of fact exists. *Eiberger v. West*, 247 Ga. 767, 768 (281 SE2d 148) (1981); *Malcom v. Malcom*, 112 Ga. App. 151 (144 SE2d 188) (1965). " 'Summary judgments should only be granted where, construing *all* inferences against the movant, it yet appears without dispute that the case can have but a single outcome.' [Cits.]" *Bragg v. Missroon*, 186 Ga. App. 803, 806 (368 SE2d 564) (1988). Applying these rules to the instant case we find that there was sufficient evidence presented to raise a jury question as to whether G & MSS owned the vehicle involved in the fatal accident: title to the log truck was not transferred to G. D. K. until many months after the accident; the tag receipt to the trailer was issued to G & MSS's predecessor; a vehicle condition report which was given by the party maintaining the repairs on the vehicle was given to "G & M Trucking" one month prior to the accident; South Carolina fuel tax records indicate that G & MSS claimed that it owned the vehicle; and other states' fuel tax decals were affixed to its bumper. A material question of fact as to the vehicle's ownership existed and required resolution by a jury.

2. While the trial court held that mere ownership of a vehicle is not sufficient to establish liability because proof of Milam's agency must be established, we believe that the court erred in holding that the plaintiff produced no evidence to support the theory that Milam was an agent or employee of G & MSS. Milam's deposition testimony that he was an employee only of G. D. K. conflicts with his hospital admission records made approximately one month prior to the accident which indicate that he listed his employer as G & M Trucking. Brownlow claims that Milam was employed only by G. D. K., but payroll records indicate that he began his employment at a time when only G & M Trucking was in existence. From this evidence a jury could find that Milam was acting as the agent of G & MSS when the accident occurred, or that he was a dual agent acting within the scope of the business of both and furthering the business interests of both corporations because the truck cab indicated that it was owned by G.

D. K. and the trailer's tag receipt was made out to G & MSS. See *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 876 (311 SE2d 193) (1983). While proof of agency by declarations of an agent alone is inadmissible as hearsay, it can be established by corroborating evidence which tends to prove the agency. *De la Gonzales v. Krystal Co.*, 173 Ga. App. 574, 576 (327 SE2d 546) (1985); *Bell v. Washam*, 82 Ga. App. 63 (60 SE2d 408) (1950). Agency can be determined by "proof of circumstances, apparent relations, and the conduct of the parties. *De la Gonzales v. Krystal Co.*, [supra]; *Fordham v. Garrett-Schwartz Mtr. Co.*, 121 Ga. App. 237 (173 SE2d 450) (1970)." *Shirley v. Couch*, 177 Ga. App. 436 (339 SE2d 648) (1986).

3. If the jury should find that Milam was the employee of only G. D. K. and the vehicle in question was owned by G & MSS, the plaintiff could recover under the theory of negligent entrustment. There is deposition evidence that Brownlow was in charge of safety for both corporations, that he was aware of Milam's driving record (Milam told him of every violation), that Brownlow admits that he was not concerned about drivers who received speeding violations, and that he was aware of Milam's hospitalization for alcohol and drug abuse.

Liability for negligent entrustment may occur where the owner admits ownership of a vehicle or ownership is a jury question, but when the owner denies that a master-servant relationship exists, he can still be liable for negligent entrustment. *Saunders v. Vikers*, 116 Ga. App. 733, 735 (158 SE2d 324) (1967); *Thomason v. Harper*, 162 Ga. App. 441, 442 (289 SE2d 773) (1982). The liability flows from the negligent act of the owner permitting another to drive his vehicle when the owner knows the driver to be either incompetent or habitually reckless, and the driver's behavior is the proximate cause of the plaintiff's injuries. *Pague v. Pendley*, 177 Ga. App. 573, 575 (340 SE2d 190) (1986); *Saunders v. Vikers*, supra.

4. The trial court declined to address the issue of whether or not G & MSS was governed by the rules of the Public Service Commission (PSC) because G & MSS was released from the lawsuit on summary judgment. As we are reversing the trial court's grant of summary judgment on the issues of ownership of the vehicles and agency, this issue must be addressed because Royal's presence in this case requires such a determination.

Royal was named a defendant under the provisions of OCGA § 46-7-12 (e). See *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508 (359 SE2d 351) (1987). There is no dispute that G & MSS is a PSC carrier, but appellees claim that PSC rules would not apply when a carrier is hauling logs because it is the nature of the haul, not ownership of the vehicle, that triggers jurisdiction under the Code and allows special venue against a PSC carrier in the county where the accident occurs.

OCGA § 46-1-1 (8) (C) excludes: "Motor vehicles engaged exclusively in the transportation of agricultural . . . products . . . between farm, market, gin, warehouse, or mill, where the weight of the load does not exceed 18,850 pounds, whether such motor vehicle is owned by the owner or producer of such agricultural . . . products or not, so long as the title remains in the producer. . . . [T]he term 'agricultural products' includes . . . wood, lumber, . . . timber or logs being hauled by the owner thereof or his agents or employees between forest and mill or primary place of manufacture." See *Georgia Cas. &c. Co. v. Jernigan*, 166 Ga. App. 872, 873 (305 SE2d 611) (1983).

As the trial court has not considered whether appellee falls within the scope of the exemption as a matter of law or whether it is an issue to be resolved by a jury, we must remand this issue to the trial court.

*Judgment reversed in part and case remanded with direction. Pope, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 19, 1990 —

*Stephens & Shuler, Charles W. Stephens, Ann A. Shuler*, for appellant.

*Neely & Player, Richard K. Hines V, Lisa M. Radtke*, for appellees.