## A94A1898. FULLER v. CHARTER SOUTH, INC.
### (453 SE2d 754)

SMITH, Judge.

Lea Fuller brought suit against Michael Merritt, Hector Moreno, and Charter South, Inc. to recover damages for personal injuries suffered when she was involved in a three-vehicle collision. Merritt and Moreno were dismissed prior to trial.[1] The case against Charter South went to trial before a jury. At the close of Fuller's evidence, Charter South moved for a directed verdict, which was granted. Judgment was entered thereon, and this appeal ensued.

The evidence presented at trial showed that the accident occurred on May 20, 1989 at 10:00 a.m. in the westbound lanes of I-285 north of Atlanta. Moreno was driving a pickup truck and towing a flatbed trailer carrying a backhoe about the size of a lawnmower. It had been raining intermittently that day, and Merritt's car spun around several times on the wet roadway, coming to a stop facing oncoming traffic. Moreno's truck then veered to the side to avoid hitting Merritt's car and his trailer "nipped" Merritt's bumper. At the same time, Fuller veered for the same reason, and Moreno's truck hit her car squarely from the rear, causing extensive damage.

Fuller sought to hold Charter South liable for the damage caused by Moreno on a theory of respondeat superior. Charter South is a

---

[1] Moreno was not served; Merritt was dismissed after he settled with Fuller.

company that builds gas stations and does environmental cleanup. Roger Davies, area manager for Charter South, testified that the company owns and leases grading equipment, but that equipment is not moved from site to site; if multiple projects are being worked at one time, each site has its own equipment. In 1989, Charter South undertook several projects in Georgia. Moreno was hired by Charter South in February 1989 to work at the Marietta site. When that project was completed, he was shifted to the Tucker site, his location of employment at the time of the accident. Time sheets showed Moreno worked at the Tucker site on the day of the accident. However, when his truck collided with Fuller's car it was westbound, headed away from the Tucker project site.

Fuller presented no evidence that Moreno was on company business or that the truck, trailer, or equipment belonged to Charter South.[2]

1. The trial court granted Charter South's motion on the ground that no evidence of Moreno's agency had been presented. Fuller contends this ruling was error because sufficient evidence was presented that Moreno was Charter South's agent at the time of the accident. We do not agree.

Where a vehicle is involved in a collision and evidence shows that the vehicle is owned by the employer of the driver, a presumption is raised that the driver was in the scope of his employment at the time of the collision, placing the burden on the employer to show otherwise. *Curtis, Inc. v. Kelley*, 167 Ga. App. 118, 119 (305 SE2d 828) (1983). Here, however, no evidence was presented to show ownership by the employer. Fuller relies upon *Chrostowski v. G & MSS Trucking*, 198 Ga. App. 140 (401 SE2d 53) (1990), in support of her contention, but the evidence presented in *Chrostowski* differed significantly from that presented in this case. In *Chrostowski*, the employee was driving a truck whose cab was marked with the name of the employer. Despite the presumption having been raised, the trial court granted summary judgment in favor of the corporate defendant on the ground that the agency of the driver involved in the accident had not been shown. This court reversed that judgment because sufficient evidence was presented by the plaintiff to raise a question of fact regarding whether the employee was the corporation's agent at the time of the accident. In addition to the markings on the cab, the title for the truck and the tag receipt for the trailer were made out to the employer, and a question of fact existed as to whether the driver was employed by the corporate defendant.

No such evidence exists in this case. Even assuming Fuller's testi-

---

[2] Indeed, colloquy at trial indicated the truck belonged to Moreno.

mony regarding the hearsay statement of Moreno was admissible to show that he was on his way to work at the time of the accident, but see Division 2, infra, that testimony would not establish that Moreno was in the scope of his employment with Charter South at the time of the accident. As a general rule, in going to and from work an employee acts only for his own purposes and not those of his employer. Consequently, "the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work." (Citations and punctuation omitted.) *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 803 (2) (418 SE2d 604) (1992).

Agency may be established by the declarations of an agent if there is corroborating evidence to prove the agency. *De la Gonzales v. Krystal Co.*, 173 Ga. App. 574, 576 (327 SE2d 546) (1985). Here, however, no other evidence existed to corroborate Fuller's contention that Moreno was the agent of Charter South at the time of the accident. No presumption arose that Moreno was in the scope of his employment, because the truck he was driving was not marked with a company logo. No evidence was presented that the equipment being towed belonged to the company, and Davies testified that Moreno would not have been moving company equipment as part of his duties. The trial court properly granted the motion for a directed verdict.

2. Fuller also contends the trial court erred in refusing to allow Fuller to testify that Moreno told her while waiting for the police to arrive that he was on his way to work. We find no merit in this contention. The testimony was objected to on hearsay grounds. Moreno was not served in the lawsuit and was not subpoenaed to testify. Fuller sought to introduce the testimony to show that Moreno was Charter South's agent at the time of the accident. It is clear, therefore, that the testimony was offered to prove the truth of what Moreno had said. The testimony is clearly inadmissible hearsay, and the trial court did not err in excluding it. See *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 271-272 (1) (375 SE2d 249) (1988).

*Judgment affirmed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED JANUARY 12, 1995 —
RECONSIDERATION DENIED FEBRUARY 2, 1995.

*Jason M. Braswell, R. Glen Galbaugh,* for appellant.
*Irwin & Taylor, Jane C. Taylor,* for appellee.