A97A0188. RADFORD v. REEVES CONSTRUCTION COMPANY.

(486 SE2d 81)

BEASLEY, Judge.

Radford sued Reeves Construction Company to recover for injuries sustained in an automobile accident. She appeals the trial court's grant of Reeves' motion for summary judgment.

The accident occurred on Pate Road, which runs generally north and south through Monroe County at or near the city of Bolingbroke. Reeves maintains an office at a quarry north of Bolingbroke and regularly hauls gravel from the quarry. Radford's northbound vehicle overturned after being forced off Pate Road by a southbound tractor-trailer rig. At the time of the accident, Radford could not identify the rig but later described the tractor as big, white, clean as though new, with a Mack grill and pulling a light gray or silver trailer of the type used to haul gravel.

Radford presented the testimony of three motorists who saw a southbound rig driving away from the scene. They all testified that it was an open-top trailer, and one observer described the tractor as white colored and the trailer as silver or light gray. Although no one was able to identify any logo or markings on the rig, one witness testified that he had since that time and on many occasions seen such rigs on the same roadway bearing the Reeves Construction Company name. Two witnesses testified that the rig they saw was of the type they had seen used for carrying gravel from the quarry in Bolingbroke. Two of the witnesses testified that photographs of a vehicle having the appearance of a Reeves Construction Company rig portrayed a rig of the type they saw on the day in question. This constitutes circumstantial evidence from which a jury might infer that the

culprit vehicle was owned and operated by Reeves.

In opposition, Reeves presented evidence that white Mack trucks owned by several different persons and entities use Pate Road; that Reeves' trucks have a logo on each side, which none of the motorists testified they saw; and that, because of weight restrictions, its trucks are not legally permitted to use Pate Road unless they are unloaded. The manager of Reeves' Macon division testified that, at the time and place in question, Reeves was operating three loaded vehicles, which were driven by Westaway, Wood, and Reynolds. Westaway and Reynolds testified that they never drove a loaded vehicle on Pate Road. Reynolds testified that he had never seen Wood doing that, but Wood did not testify; he had left Reeves' employ and moved to Florida. Westaway acknowledged that Pate Road would have been the quickest route to the drivers' destination.

" 'On motion for summary judgment, the burden is on the movant, regardless of which party would have the burden of proof at trial, to show there is no genuine issue of material fact. All evidence is to be construed most strongly against the movant, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence. (Cits.)' [Cit.]" *Piggly Wiggly Southern v. Bennett*, 217 Ga. App. 496, 497 (458 SE2d 138) (1995). "In granting such motions, we must remain mindful of the jury's role in the process to resolve any and all conflicts in the evidence. 'It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. . . .' [Cit.]" *Service Merchandise v. Jackson*, 221 Ga. App. 897, 898 (1) (473 SE2d 209) (1996).

Reeves argues that it was entitled to summary judgment under the rule that " ' "[i]n passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Cits.) . . . "When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury." (Cits.)' [Cits.]" *Dougherty County Farm Bureau v. Hinman*, 184 Ga. App. 244, 245 (1) (361 SE2d 236) (1987).

We cannot agree that Reeves presented positive and uncontradicted evidence that it did not operate the vehicle which forced Radford off Pate Road. Reeves presented only circumstantial evidence that the vehicle operated by Wood was not on Pate Road; it did not exclude the possibility that Wood, in Reeves' rig, was there. The

record is devoid of any evidence that he was elsewhere. Nor did Reeves show the vehicles driven by the three identified drivers were the only rigs being operated by Reeves in the area at the time in question. Although Reeves' witnesses testified that white Mack trucks owned by others use Pate Road, Reeves did not show that other rigs fitting the description of those operated by it use Pate Road. The subject vehicle has not been positively identified as belonging to someone other than Reeves. The fact that Radford's witnesses did not see the Reeves' logo on the rig they observed only briefly does not exclude the possibility that it was a Reeves' vehicle. A jury could find that Radford's witnesses were not in a position to see the logo.

The following rule applies: " 'A fact can be proved by circumstantial evidence as well as by direct proof, and physical facts and circumstances may be sufficient to authorize the jury to disbelieve the witnesses of a party and to thereby impeach them. [Cits.] . . . [Cit.]' [Cit.]" *Hubbard v. Cofer*, 98 Ga. App. 565, 566 (1) (106 SE2d 358) (1958). Even assuming all of Reeves' evidence is true, it does not eliminate its rigs and drivers from involvement.

*Judgment reversed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 21, 1997.

Before Judge McGarity.

*Simpson, Gray & Cross, Ralph F. Simpson*, for appellant.
*Sims, Fleming & Spurlin, John C. Spurlin*, for appellee.