A97A1829. MORING v. MORING.
(492 SE2d 558)

BLACKBURN, Judge.

Felix C. Moring, co-trustee of a trust set up for the benefit of Sue W. Moring (the Trust), appeals the trial court's order allowing the sale of a building which is the property of the Trust. The trial court allowed the sale upon the petition of Joel J. Moring, Jr., the other co-trustee of the Trust. Felix contends that the trial court erred in allowing the sale of an asset of the Trust after it was notified of his opposition to such sale, and that a previous order of the probate court purporting to remove him as a co-trustee was void ab initio.

1. The record contains an order of the probate court dated August 25, 1994, which purports to remove Felix as a co-trustee of the Trust. Felix challenges this order as void due to the probate court's lack of subject matter jurisdiction to remove a trustee. We agree.

Pursuant to the Georgia Constitution, "[p]robate courts shall have such jurisdiction as now or hereafter provided by law, without regard to uniformity." Ga. Const. 1983, Art. VI, Sec. III, Par. I. Although, under certain conditions, a probate court has concurrent jurisdiction with the superior courts to appoint new trustees and

accept the resignation of trustees, see OCGA § 15-9-127, a probate court does not have jurisdiction to remove a trustee. In fact, OCGA § 53-12-176 requires that for a trustee to be removed, application must be made to the superior court. Therefore, the probate court was without subject matter jurisdiction to remove Felix as a co-trustee of the Trust, and such order is void.

Joel contends that because Felix failed to raise this issue in the trial court, it is not properly addressed by this Court. However, OCGA § 9-11-60 (a) provides that "[a] judgment void on its face may be attacked in any court by any person." Therefore, the issue is properly before us.

2. Felix next contends that the trial court erred in allowing the sale of Trust property after it was notified of his opposition. The trial court held a hearing on January 17, 1997, at 9:00 a.m., on Joel's petition to sell Trust property. In an order entered on February 3, 1997, the trial court determined that the purchase price was reasonable and that the proceeds of the sale were necessary to pay expenses incurred on behalf of the Trust beneficiary. The court also found that Felix was personally served with notice of the hearing and was given an opportunity to present objections to the sale but that he was not present at the hearing. On January 17, 1997, however, before the court's order was entered, Felix filed a notice of dismissal of counsel and voluntary dismissal in which he purported to dismiss Joel's petition to sell Trust property. The trial court did not address the effect of this attempt to dismiss Joel's petition in its order. Therefore, we must remand this case for the trial court's consideration of this issue in light of our prior holding that Felix's purported removal as co-trustee was void ab initio. See *Chrostowski v. G & MSS Trucking*, 198 Ga. App. 140, 144 (401 SE2d 53) (1990) (trial court's failure to consider relevant issue required remand); *Meredith v. Meredith*, 238 Ga. 595, 597 (234 SE2d 510) (1977) (same).

*Judgment reversed and case remanded with direction. Pope, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 1, 1997.

*Alvin L. Kendall*, for appellant.
*Felix C. Moring*, pro se.
*Green & Tribble, Judson L. Green III*, for appellee.