700 So.2d 120 (1997)
Keith R. CROWELL, individually and as personal representative of the Estate of Dennise L. Crowell; Keith R. Crowell, individually; and Scott R. Crowell, a minor, By and Through his next friend, Keith R. Crowell, parent and natural guardian, Appellants,
v.
CLAY HYDER TRUCKING LINES, INC. and Comcar Leasing, Inc., Appellees.
No. 96-01291.
District Court of Appeal of Florida, Second District.
October 8, 1997.
*122 William S. Zwick of Zwick Law Offices, and Peter W. Martin of Peter W. Martin, Chartered, Sarasota, for Appellants.
Glenn Waddell of Waddell and Ready, P.A., Auburndale, for Appellees.
QUINCE, Judge.
Keith R. Crowell, individually, as personal representative of the Estate of Dennise L. Crowell, and as parent and natural guardian of Scott R. Crowell, challenges an order granting summary judgment to Clay Hyder Trucking Lines, Inc. and Comcar, Leasing, Inc. (collectively "Clay Hyder"). We reverse the trial court's summary judgment order and remand for further proceedings because the trial court should have applied Florida law to the issue involving the ownership of the phantom vehicle.
The Crowells, Florida residents, were driving home through Georgia southbound on Interstate 75, returning from an out-of-state vacation when their car was involved in a hit-and-run accident. The accident occurred in Tift County, Georgia, approximately seventy-five miles from the Florida border. The Crowells' car was hit by a tractor-trailer which Mr. Crowell identified as bearing Clay Hyder's name and insignia. Because the offending truck failed to stop at the scene of the accident, there is no direct evidence of its ownership.
On December 19, 1991, the Crowells filed suit in the circuit court in Polk County, Florida, seeking compensation for personal injuries they sustained as a result of the accident. Following discovery, Clay Hyder filed a series of motions seeking to have the case dismissed. First, Clay Hyder moved for an order declaring that Georgia law, not Florida law, controlled the liability issues between the parties. Shortly after the trial court's entry of the order stating that Georgia law governed the liability issue, Clay Hyder moved for summary judgment asserting that, under Georgia law, the Crowells' evidence was insufficient to prove that Clay Hyder was the owner of the truck that hit the Crowells' vehicle. The trial court granted summary judgment for Clay Hyder on that basis.
The trial court's granting of summary judgment was premised upon its determination that Georgia law, not Florida law, controlled the issue of Clay Hyder's liability. The first step in a conflict of law analysis is to determine the nature of the legal issue involved. Beattey v. College Centre, 613 So.2d 52 (Fla. 4th DCA 1992), rev. denied, 626 So.2d 204 (Fla.1993). The Crowells allege personal injuries arising under tort law. Florida applies the "significant relationship test" as set forth in the Restatement (Second) of Conflict of Laws to choice of law issues arising from tort claims. Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla.1980). The general choice of law principle provides:
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

*123 These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Restatement (Second) Conflict of Laws § 145(2) (1971).
Under this two-part test, the court must determine which state has the most significant contacts between the parties and the accident, in light of the policy considerations set forth in section 6 of the Restatement. Thus, in personal injury actions the law of the state where the injury occurred applies only when there is no other state with a more significant interest. Restatement (Second) Conflict of Laws § 146, 175 (1971); State Farm Mutual Auto. Ins. Co. v. Olsen, 406 So.2d 1109 (Fla.1981).
The Crowells urge this court to find that Florida has the most significant relationship to the parties and occurrences in this case. After careful consideration of the record evidence in light of the applicable law, we find that Florida has the most significant relationship and Florida law should have been applied to this issue.
The essential facts are not in dispute. The Crowells are Florida residents, and were driving their Florida-registered vehicle when the accident occurred. Clay Hyder, while operating as an interstate trucking business, maintains its principal business offices in Polk County, Florida, repairs its trucks at a private repair facility in Florida and carries excess coverage under a general liability insurance policy issued in Florida by an insurance company authorized to do business in Florida. Clay Hyder also self-administers a $500,000 liability insurance policy from its Florida offices. Clay Hyder is owned by Comcar, a holding company which owns eight rolling stock companies. There is some evidence that one or more of the rolling stock companies maintain terminals in Georgia. However there is no evidence that Clay Hyder maintains terminals in Georgia.
Aside from Comcar's terminals in Georgia, the only connection between the parties and Georgia is the occurrence of a hit-and-run accident in that state. Florida decisions have repeatedly held that the happenstance of an accident's occurrence in another state does not create significant contacts for the purpose of applying that state's law in a conflict of law dispute. Krasnosky v. Meredith, 447 So.2d 232 (Fla. 1st DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984).
The contacts alleged to create a significant relationship must be viewed with respect to the issue under consideration. Restatement (Second) Conflict of Laws § 145(2) (1971); Department Of Corrections v. McGhee, 653 So.2d 1091 (Fla. 1st DCA 1995), approved, 666 So.2d 140 (Fla.1996); Judge v. American Motors Corp., 908 F.2d 1565 (11th Cir.1990). The Crowells seek to impose vicarious liability against Clay Hyder under Florida's dangerous-instrumentality doctrine or under the theory of respondeat superior. Pursuant to the dangerous-instrumentality doctrine, an owner of a motor vehicle is liable for injuries which are caused by the vehicle's negligent operation. Michalek v. Shumate, 524 So.2d 426 (Fla.1988); Cofty v. Smith, 686 So.2d 728 (Fla. 1st DCA 1997). Respondeat superior imposes liability upon a principal for the negligent acts of his agent undertaken within the scope of the agent's employment. Jones v. Gulf Coast Newspapers, Inc., 595 So.2d 90 (Fla. 2d DCA 1992), rev. denied, 602 So.2d 942 (Fla.1992); Kane-Furniture Corp. v. Miranda, 506 So.2d 1061 (Fla. 2d DCA 1987), rev. denied, 515 So.2d 230 (Fla.1987).
These theories of recovery depend upon Clay Hyder's ownership of the phantom tractor-trailer. Because the truck did not stop at the scene of the accident, its identity must be established other than through direct evidence. Under Florida law there is a rebuttable presumption that a vehicle is owned by the defendant whose name appears on it. Carrazana v. Coca Cola Bottling Co., 375 So.2d 345 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 635 (Fla.1980). However, Georgia has specifically rejected this presumption. Loudermilk Enterprises, Inc. v. Hurtig, 214 Ga.App. 746, 449 S.E.2d 141 (1994); Johnson v. City Wide Cab, Inc., 205 Ga.App. 502, 422 S.E.2d 912 (1992); McCoy v. Southern Bell Telephone & Telegraph Co., 172 Ga.App. 26, 322 S.E.2d 76 (1984)(proof that a defendant's name appears on a vehicle *124 is insufficient to create a prima facie case of ownership).
Once ownership is established, both Florida and Georgia apply the presumption that the vehicle's operator is employed by the defendant, and was, at the time of the accident, acting within the scope of his employment. Carrazana, 375 So.2d at 346; Braddy v. Collins Plumbing & Const., Inc., 204 Ga. App. 862, 420 S.E.2d 806 (1992); Fuller v. Charter South, Inc., 216 Ga.App. 211, 453 S.E.2d 754 (1995). The Crowells seek to apply the ownership presumption in the present case.
Florida's paramount interest in applying its vicarious liability law to Clay Hyder is further supported by the principles set forth by Restatement section 6:
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice-of-law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
Restatement (Second) of Conflict of Law § 6 (1971).
Florida's policy clearly supports imposing vicarious liability upon Florida based trucking companies who injure Florida drivers. Wal-Mart Stores, Inc. v. Budget Rent-A-Car Systems, 567 So.2d 918 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 163 (Fla.1991)(recognizing that Florida has a great interest in "holding parties who put dangerous instrumentalities into another's hands responsible for injuries negligently inflicted" and an interest "in imposing responsibility vicariously upon those who rent, own and operate motor vehicles on public highways."). Florida's adoption of the hit-and-run presumption is further evidence of its substantial interest in protecting its citizens from the particular harm imposed by interstate tractor-trailer operators who attempt to thwart the imposition of liability by fleeing the scene of an accident.
We must next consider Georgia's policy considerations. Georgia decisions reject the imposition of liability where ownership has not been clearly established. Clark v. Atlanta Veterans Transportation, Inc., 113 Ga. App. 531, 148 S.E.2d 921 (1966). This rejection is premised upon Georgia's policy of strictly holding plaintiffs to their burden of proof and of preventing the imposition of liability without solid evidence of ownership, such as automobile title. Id. at 924. However, Georgia law supports a modified use of presumptions to establish liability where ownership is certain. Gordy Construction Co. v. Stewart, 216 Ga.App. 882, 456 S.E.2d 245 (1995); Fuller, 453 S.E.2d at 755-56. Thus, the distinction between Florida and Georgia law is Georgia's unwillingness to premise liability upon the application of a series of presumptions when the base presumption relies on uncertain evidence.
These concerns are not implicated in the present case. Case law confirms that presumptions are not the only way to prove ownership under Georgia law. Ownership of a phantom truck involved in a hit-and-run accident can be established by circumstantial evidence. Radford v. Reeves Construction Company, 226 Ga.App. 214, 486 S.E.2d 81 (1997)(evidence from victim and witnesses regarding truck description was sufficient circumstantial evidence to submit the case to a jury). Cf. Burns v. United Parcel Service, Inc., 135 Ga.App. 890, 219 S.E.2d 624 (1975). Such evidence exists in this case. Mr. Crowell testified at his deposition that the tractor-trailer which hit his family's car had the letters "CHTL in white, with a black line around it, with a red line underscoring it" and the words Clay Hyder Trucking in blue lettering in the lower, rear quarter of the left side of the trailer.
*125 Even had it been appropriate to apply Georgia law in this case, the trial court erred in basing summary judgment solely on the inapplicability of the ownership presumption. Whether the presumption applied was not the end of the inquiry under Georgia law. The jury was entitled to weigh Mr. Crowell's testimony and determine whether it was sufficient to infer ownership, without the aid of a presumption. Thus, the policy considerations which underlie Georgia's rejection of the ownership presumption are not offended by the application of Florida's ownership presumption, given the sufficiency of the evidence in this case.
Further, Georgia has no interest in limiting the vicarious liability of a defendant who is not a Georgia citizen. Beattey, 613 So.2d at 54. Vicarious liability awards compensate for injuries without regard to fault. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981). Any interest Georgia may have in controlling the standard of care of Georgia drivers is not implicated by Florida's vicarious liability law. Given Georgia's tenuous connection to this matter, Georgia would not be offended by the application of Florida law.
The application of Florida law reflects the needs of the interstate system. Vicarious liability is unique in its application of liability for wrongs attributable to an agent. Because of this unique feature, the interstate system is served by applying this principle with certainty, predictability and uniformity of result. Further, the basic policies underlying vicarious liability law demand that a master be found liable for the negligent acts of his agent. Failure to apply the vicarious liability law would allow masters to send their agents out into the stream of interstate commerce without fear that liability would find its way back to the master. Mercury Motors, 393 So.2d at 549 ("The rationale for imposing vicarious liability is the employer's ultimate control over the servant and the instrumentality causing injury and the state's interest in compensating the innocent victim"). Georgia's ownership presumption thwarts the operation of vicarious liability law by permitting the master of hit-and-run drivers to escape liability. This result frustrates the basic policy underlying vicarious liability law in general and is repugnant to Florida's specific public policy of imposing liability upon owners for the negligence of their drivers.
Finally, this court must protect the parties' justified expectations. Restatement (Second) Conflict of Laws § 6(2) (1971); Beattey, 613 So.2d at 54. Clay Hyder, a trucking company operating out of Florida, should reasonably expect that its liability to Florida residents for accidents involving vehicles that bear its name will be determined in accordance with Florida law.
Our review of the evidence indicates Florida has the most significant interest in the application of its law to this case. Given the substantial connection between the parties and this state, the policies underlying vicarious liability are upheld by an application of Florida law. The trial court's grant of summary judgment was error. Upon remand, the trial court shall apply Florida law to the liability determination.
FULMER, A.C.J., and WHATLEY, J., concur.