## A02A2183. KING v. EVANS.
### (578 SE2d 480)

MILLER, Judge.

Moses King appeals from a directed verdict granted in favor of Warren Evans on King's claim that Evans was liable for injuries he suffered in an automobile accident involving Evans's alleged employee, Anthony Scott. On appeal King contends that the trial court erred in (1) granting a directed verdict to Evans on the ground that King presented no evidence that Scott was Evans's employee at the time of the accident, (2) excluding as evidence at trial an unsigned proposed pretrial order in which Evans allegedly admitted that Scott was his employee, and (3) excluding as evidence at trial Evans's responses to two interrogatories relating to Scott's prior driving record. We discern no error and affirm.

Construed most favorably to King, the evidence reveals that King was driving down the highway when he saw an 18-wheeled tractor-trailer stopped on the highway, blocking several lanes. Traffic was at a complete stop in front of King, so King slowed down to a complete stop as well. Another car approached King's vehicle from behind and rear-ended him, causing King various injuries. King sued Evans under the theory that the driver of the parked 18-wheeler (who allegedly shared some fault in the accident) was Evans's employee, who was acting in the course and scope of his employment at the time of the accident.

On the day of the accident, the police issued a citation to Scott, the person whom King believed to be the driver of the parked 18-wheeler, and this citation was admitted into evidence at trial. In addition, King introduced several of Evans's interrogatory responses into evidence. Although the interrogatory responses indicated that Evans was Scott's supervisor and that Scott was employed as a truck driver, none of the responses indicated that (1) Scott was employed by Evans on the date of the accident, or (2) the 18-wheeler in question was owned by Evans. King presented no additional evidence to establish who owned the 18-wheeler or what the relationship between Evans and Scott was on the date of the accident. King then rested his case.

Evans moved for a directed verdict, citing, among other things, the lack of evidence that Scott was Evans's employee at the time of the accident. The trial court granted Evans's motion, prompting this appeal.

1. King argues that the trial court erred in granting a directed verdict to Evans. We disagree.

A directed verdict is appropriate only when there is no conflict in the evidence as to any material issue and the evidence introduced, construed most favorably to the party opposing the motion, demands

a particular verdict. OCGA § 9-11-50 (a); *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998).

Here, there is no conflict in the evidence, as King did not present any evidence at trial that Scott was an employee of Evans at the time of the accident or that Evans owned the 18-wheeler truck that was stopped in the highway. At most, King showed that *at some time* Scott was employed by Evans, but this would not prove that Scott was employed by Evans at the time of the accident. Even if this did prove such, King still failed to present any evidence that Scott was operating a vehicle owned by Evans at the time of the accident. This lack of proof on the essential elements of King's claim is fatal to his case. See *Fuller v. Charter South*, 216 Ga. App. 211, 212-213 (1) (453 SE2d 754) (1995) (directed verdict properly granted to employer where no evidence of ownership of vehicle was presented and thus no presumption was raised that employee was acting in scope of his employment at time of collision). The trial court did not err in granting a directed verdict to Evans.

2. In light of our holding in Division 1, any alleged error in the exclusion of evidence referenced in King's second and third enumerations would be harmless. Even if the court had admitted a document in which Evans allegedly admitted that Scott was his employee at the time of the accident, such a document still would not have presented evidence that Evans owned the 18-wheeler that was stopped in the highway. Cf. *Fuller*, supra, 216 Ga. App. at 212-213 (1) (plaintiff failed to show employer's ownership of vehicle despite driver's status as employee already being established). Furthermore, the excluded interrogatory responses regarding Scott's prior driving record bore no relation to whether or not Scott was an employee of Evans at the time of the accident or whether Evans owned the 18-wheeler. We discern no reversible error here.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 12, 2003.

*Dennis, Corry & Porter, Wayne D. Toth, Michael B. King*, for appellant.

*Parks, Chesin, Walbert & Miller; Thomas D. Trask*, for appellee.