[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14829
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80355-JIC

JEAN COULTER,

Plaintiff-Appellant,

versus

ADT SECURITY SERVICES,
APOLLO GLOBAL MANAGEMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2018)

Before EDMONDSON, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Jean Coulter, proceeding pro se, appeals the district court's dismissal of her amended complaint against ADT Security Services, Inc. ("ADT"), in which Plaintiff alleged state law contract and tort claims. The district court, pursuant to Fed. R. Civ. P. 12(b)(6), dismissed Plaintiff's complaint for failure to state a claim. No reversible error has been shown; we affirm.

In 2007, Plaintiff entered into a contract with ADT for the installation and monitoring of an alarm system at Plaintiff's Pennsylvania home ("ADT Contract"). Plaintiff alleged ADT told her that its central monitoring system would perform daily checks to ensure Plaintiff's alarm system was functioning properly. The ADT Contract provided for an initial three-year term after which the contact would renew automatically each month. After the expiration of the initial three-year term, Plaintiff says she "agreed to accept the renewal of the initial contract."

Plaintiff moved to New Jersey in January 2013 but kept her home and alarm system in Pennsylvania. In March 2013, Plaintiff was unable to communicate with her alarm system by phone. When Plaintiff reported the issue to ADT, she learned that ADT's central monitoring system was in fact performing only monthly -- not daily -- checks of her alarm system. Plaintiff later found that a wire connecting the

2

alarm system to her home's phone line had become loose, rendering the alarm system unable to communicate with ADT's central monitoring system. Despite this issue, Plaintiff received no reports from ADT that her alarm system was not functioning.

Plaintiff filed this civil action in March 2017: the timing is important. In her amended complaint, Plaintiff purported to assert claims against ADT for breach of express and implied contract, fraud, negligence, unjust enrichment, breach of fiduciary duty, and for damages.[1] The district court construed Plaintiff's fraud claim as two separate claims: (1) a fraudulent inducement claim based on ADT's alleged representations in 2007 that Plaintiff's alarm system would be checked daily ("2007 fraud claim"); and (2) a claim based on ADT's alleged representations in 2013 that Plaintiff's system was functioning properly when it was in fact unable to communicate with ADT's central monitoring system due to a loose wire ("2013 fraud claim").

The district court granted ADT's motion to dismiss and dismissed with prejudice Plaintiff's complaint. Applying Florida's conflict-of-law rules, the district court determined that Plaintiff's contract claims, non-fraud tort claims, and 2007 fraud claim were governed by Pennsylvania law and that Plaintiff's 2013

---

[1] Plaintiff also alleged a violation of the New Jersey Consumer Fraud Act. Because Plaintiff raises no challenge to the district court's dismissal of that claim on appeal, we do not address it.

3

fraud claim was governed by New Jersey law.  The district court then determined, in pertinent part, that (1) Plaintiff's contract claims were barred by the ADT Contract's one-year period-of-limitations clause; (2) Plaintiff's non-fraud tort claims and 2007 fraud claim were barred by Pennsylvania's two-year statute of limitations; and (3) Plaintiff's 2013 fraud claim was barred by New Jersey's economic-loss rule.

We review de novo a district court's grant of a motion to dismiss, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1277-78 (11th Cir. 2015).  When a document -- such as the contract in this appeal -- "is central to the plaintiff's claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss, this Court may consider that document as well."  See id. at 1278.  We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The district court's resolution of a conflict-of-law issue is a legal question we review de novo.  Grupo Televisa, S.A. v. Telemundo Commc's Grp., Inc., 485 F.3d 1233, 1239 (11th Cir. 2007).  Here, the district court applied properly the conflict-of-law rules of the forum state -- Florida -- to determine what state's

4

substantive law to apply to Plaintiff's claims.  See Fioretti v. Mass. Gen. Life Ins. Co., 53 F.3d 1228, 1235 (11th Cir. 1995).

I.  Contract Claims

The district court determined properly that Plaintiff's contract claims were governed by Pennsylvania law.  Under Florida law, "matters bearing on the validity and substantive obligations of contracts are determined by the law of the place where the contract is made (lex loci contractus)."  Jemco, Inc. v. UPS, 400 So. 2d 499, 501 (Fla. Dist. Ct. App. 1981).  Here, the ADT Contract provided expressly that it was entered into between two Pennsylvania parties and involved an alarm system to be installed and monitored at a home in Pennsylvania.[2] Because the contract was thus made in Pennsylvania, it is governed by the laws of that state.

Under Pennsylvania law, a contractual limitation period is enforceable so long as it is not "manifestly unreasonable."  Hahnemann Univ. Hosp. v. All Shore,

---

[2] We reject Plaintiff's argument that her monthly renewals of the initial ADT Contract while Plaintiff was later living in New Jersey created a new contract formed in New Jersey.  In any event, even if we were to accept Plaintiff's position that the contract claims should be governed by New Jersey law, the claims would still be time-barred by the ADT Contract's one-year period-of-limitations clause.  See Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co., 678 A.2d 699, 704 (N.J. 1996) (New Jersey courts have enforced contract provisions limiting the time parties have to bring suit, including one-year limitation periods).

Inc., 514 F.3d 300, 306 (3rd Cir. 2008); see 42 Pa.C.S. § 5501(a).  Pennsylvania

courts have enforced one-year periods of limitations.  See Hosp. Support Servs.,

Ltd. v. Kemper Grp., Inc., 889 F.2d 1311, 1315, 1317 (3rd Cir. 1989) (citing

Petraglia v. Am . Motorists Ins. Co., 424 A.2d 1360, 1364 (Pa. Super. Ct. 1981)).

That the ADT Contract included a one-year period-of-limitations clause is

undisputed.  Based on Plaintiff's allegations, Plaintiff knew of ADT's alleged

contractual breaches when she cancelled the ADT Contract in 2013.  Because

Plaintiff filed her complaint almost four years later, the district court dismissed

properly Plaintiff's contract claims as time-barred by the one-year limitations

clause: a clause enforceable under Pennsylvania law.

II.  Tort Claims

Florida courts apply the "significant relationship test" to choice-of-law

issues arising from tort claims.  Crowell v. Clay Hyder Trucking Lines, Inc., 700

So. 2d 120, 122-23 (Fla. Dist. Ct. App. 1997) (citing Bishop v. Fla. Specialty Paint

Co., 389 So. 2d 999 (Fla. 1980)).  Under this test, the court determines which state

has the most significant relationship to the parties and to the alleged tort by

considering (1) where the injury occurred, (2) where the conduct causing the injury

occurred, (3) the residence of the parties, and (4) where the relationship between the parties is centered.  Id.

The district court determined properly that Pennsylvania law applied to Plaintiff's 2007 fraud claim and to her non-fraud tort claims.  Plaintiff both received the alleged fraudulent communication about daily system checks and acted in reliance on that fraudulent statement by signing the ADT Contract while in Pennsylvania.  Plaintiff also resided in Pennsylvania when the ADT Contract was entered into, the alarm system was installed in a home in Pennsylvania, and the parties performed under the contract in Pennsylvania between 2007 and January 2013.

Plaintiff alleges she knew of ADT's alleged tortious conduct from the summer of 2013.  As a result, Plaintiff's 2007 fraud claim and non-fraud tort claims raised in her 2017 complaint were subject to dismissal under Pennsylvania's two-year statute of limitations.  See 42 Pa. Const. Stat. § 5524(7) (imposing a two-year statute of limitation on "any . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud . . . .").

About Plaintiff's 2013 fraud claim, we agree with the district court's determination that -- under the "significant relationship test" -- New Jersey law governs.  Plaintiff received the 2013 alleged fraudulent communications -- and thus sustained injury -- while in New Jersey and as a resident of New Jersey.

Under New Jersey's economic-loss rule, plaintiffs are barred from recovering purely economic losses in tort.  Travelers Indem. Co. v. Dammann & Co., Inc., 594 F.3d 238, 244 (3rd Cir. 2010).  In other words, a plaintiff is barred from asserting a tort claim arising from a contractual relationship unless the breaching party owed a duty independent of the duties that arose under the contract.  Saltiel v. GSI Consultants, Inc., 788 A.2d 268, 315-16 (N.J. 2002).  Because Plaintiff's 2013 fraud claim is based on ADT's alleged failure to provide the contracted-for monitoring services, her claim is barred under New Jersey's economic-loss rule.

We reject Plaintiff's contention that the ADT Contract is voidable on grounds that Plaintiff was fraudulently induced to enter the ADT Contract.  Because the ADT Contract contained both (1) an integration clause and (2) an unambiguous description of the services provided by ADT under the contract (the subject matter of the alleged fraudulent misrepresentation), Pennsylvania's parol evidence rule prohibits Plaintiff from offering evidence of fraudulent inducement.

8

<u>See Yocca v. Pittsburgh Steelers Sports, Inc</u>., 854 A.2d 425, 437 n.26, 438 (Pa. 2004).

AFFIRMED.