68199. McCOY v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.
(322 SE2d 76)

SOGNIER, Judge.

Bobby McCoy sued Southern Bell Telephone and Telegraph Company, an unknown employee truck driver, and John Doe to recover damages resulting from an automobile collision. Pursuant to OCGA § 33-7-11, State Farm Fire and Casualty Insurance Company was served as McCoy's uninsured motorist insurance policy carrier. After preliminary discovery was held, State Farm moved for summary judgment which was granted by the trial court on the ground that no question of fact remained as to the identity of the proper defendant. The case then proceeded to trial. At the close of all the evidence, the trial court granted Southern Bell's motion for directed verdict. McCoy appeals.

1. Appellant contends that the trial court erred by granting ap-

pellee Southern Bell's motion for directed verdict. A directed verdict is proper where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a); see *Holbrook v. Burrell*, 163 Ga. App. 529 (295 SE2d 201) (1982). At trial appellant and his wife testified that a white pick-up truck with colored stripes on its side and the words "Southern Bell Telephone" and the Southern Bell symbol on its door struck a car directly behind appellant, which in turn struck appellant's vehicle. Appellant stated that the drivers of both the interjacent vehicle and the truck were wearing orange reflecting vests and that he could see orange street markers in the back of the truck. Neither driver gave any identification and when appellant returned to his own car to inquire after his wife, the two drivers got into their respective vehicles and drove away at the same time and at such speed that neither appellant nor his wife was able to observe the license plate numbers. No other evidence was submitted on the issue of ownership of the truck and the alleged agency relationship of appellee Southern Bell and the unidentified truck driver.

"We have held in very similar factual situations that [appellant's] evidence as to the type of truck marked with a distinctive insignia was insufficient to authorize inferences of ownership of the [truck]; or that it was being operated by an agent or employee of [appellee Southern Bell] in the course of his employment. [Cits.] [Appellant] failed to prove a prima facie case of liability. The directed verdict for [appellee Southern Bell] was correct." *Burns v. United Parcel Svc.*, 135 Ga. App. 890 (219 SE2d 624) (1975). See also *Red Top Cab Co. v. Hyder*, 130 Ga. App. 870 (204 SE2d 814) (1974); *Aetna Cas. &c. Co. v. Malcolm*, 149 Ga. App. 754 (256 SE2d 117) (1979).

2. Appellant also contends that the trial court erred by granting summary judgment to appellee State Farm on the ground that questions of fact existed whether the subject motor vehicle was an uninsured motor vehicle under the statute. We agree with appellant. "It is axiomatic that '[i]n summary judgments, all inferences, and all ambiguities, and all doubts, are resolved against the movant . . . and in favor of the party opposing the grant of summary judgment.' [Cit.] This is true even where the party opposing the motion would have the burden at trial. [Cit.] Furthermore, the 'respondent's proof is treated with indulgence.' [Cit.] Vague or contradictory testimony must be construed in favor of the non-movant. [Cit.]" *Jones v. Rodzewicz*, 165 Ga. App. 635, 637 (4) (302 SE2d 402) (1983).

Applying these rules to the present case, we hold that the trial court erred by concluding that no genuine issues of material fact existed concerning the identity of the owner of the subject motor vehicle. Southern Bell consistently never admitted it owned the subject

truck. In his deposition, appellant testified that the truck driver was not wearing any identifying Southern Bell uniform; instead, the truck driver had on an orange reflecting vest, identical to the vest worn by the driver of the unmarked interjacent vehicle. Although in his deposition appellant refers to the truck as a "Southern Bell" truck, he based his conclusion not on any statement or action by Southern Bell or the unknown truck driver, but on the apparent presence of the Southern Bell symbol on the truck's door. Southern Bell stated in answer to appellee State Farm's interrogatory that, although it is Southern Bell's policy to scrape its symbol off all of its vehicles before sale, as a practical matter the markings generally are not scraped off but are instead covered by a light layer of white paint through which it may be possible to see the Southern Bell identification marks, etc. Since the evidence was thus equivocal whether the truck was owned by Southern Bell at the time of the accident, the record was not conclusive that the vehicle was not an uninsured motor vehicle under the statute. Therefore, the trial court erred by granting summary judgment in favor of appellee State Farm.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1984.

*Larry P. Minin, Alexander J. Repasky*, for appellant.
*Robert M. Travis, Russell D. Waldon, R. Phillip Shinall III*, for appellees.