A97A1905. SELLERS v. AIR THERM COMPANY, INC.
(498 SE2d 167)

BIRDSONG, Presiding Judge.

Jackie G. Sellers appeals the grant of summary judgment to Air Therm Company, Inc., in her action seeking damages arising from a motor vehicle accident in which her vehicle was run off the road by a hit-and-run driver. Sellers' complaint alleged that the other vehicle was owned and operated by Air Therm, but in its answer Air Therm denied this allegation.

At her deposition Sellers testified that she had been driving in a traffic lane next to a white van for some time when suddenly the van pulled into her lane because a car ahead of the van had slammed on its brakes. To avoid hitting the van, Sellers jerked her car to the right, but she ran off the road and struck a tree. Sellers also testified that, after stopping momentarily, the van fled the scene of the accident, and, even though the van was pursued by the police, Sellers' briefs in this Court and the court below acknowledge that the van was "never positively identified."

Sellers testified that the vehicle that ran her off the road was a white service van with red writing on both sides. The writing said in big, bold, red or burnt orange letters "Air Therm." The van also had a Georgia license plate that was issued in Chatham County, but Sellers did not recall the letters or numbers on the license plate. Further, also Sellers testified that she saw that the van was being driven by a white male with dark brown hair.

Based on Sellers' deposition testimony, Air Therm moved for summary judgment contending that there was no evidence that it owned the van in question and also contending that there was no evidence that the van was being operated by an employee or agent of Air Therm who was acting within the course and scope of his or her employment. In her response to Air Therm's motion, Sellers provided no additional evidence, but instead argued that a jury issue was presented because she "positively identified [d]efendant's name and logo on the back of the white van which forced her off the road," and Air Therm "denied having a vehicle in the area at the time of the accident." After the trial court granted Air Therm's motion for summary judgment, Sellers appeals. *Held*:

The issue in this appeal concerns the nature of proof required to sustain a verdict in a hit-and-run vehicle collision in which the only evidence supporting the plaintiff's claim is the plaintiff's testimony that, by her visual observation only, the hit-and-run vehicle had the distinctive insignia of the defendant. Acknowledging that the law in this State on this point holds that this testimony is insufficient (see, e.g., *McCoy v. Southern Bell Tel. &c. Co.*, 172 Ga. App. 26 (322 SE2d 76); *Burns v. United Parcel Svc.*, 135 Ga. App. 890 (219 SE2d 624)), Sellers asks us to reconsider our earlier precedents.

We have done so and find unpersuasive Sellers' argument that these cases should be overruled because they encourage drivers involved in accidents to flee the scene. There is no evidence that in the many years these cases and the other cases that preceded them have been the law the number of hit-and-run accidents has increased. Further, although we appreciate the harsh effect this law may have in an individual case, we must balance that effect against the impact of imposing liability based merely upon testimony that a company's name was observed on a vehicle that allegedly caused an accident. Therefore, we decline to overrule these and the other precedents upon which these cases are based. Accordingly, this appeal is controlled by *McCoy v. Southern Bell Tel. &c. Co.*, supra, and *Burns v. United Parcel Svc.*, supra, and the trial court did not err by granting summary judgment to Air Therm Company, Inc.

Although the dissent would distinguish *McCoy v. Southern Bell Tel. &c. Co.* and *Burns v. United Parcel Svc.* because those cases concerned appeals from the grants of directed verdicts and not the grant of summary judgment as in the present appeal, we find no basis for such a distinction.

"A motion for summary judgment is analogous to a motion for a directed verdict. OCGA § 9-11-50. The function of the trial court in ruling on either requires the trial court to determine whether the movant is entitled to a judgment as a matter of law on the facts established and whether there is a genuine issue as to any material

fact. OCGA §§ 9-11-56; 9-11-50; *Standard Accident Ins. Co. v. Ingalls Iron Works Co.*, 109 Ga. App. 574, 575 (136 SE2d 505) (1964). If the movant can show the court that any essential element, under any theory of recovery, is missing and incapable of proof, the movant is entitled to summary judgment as a matter of law, notwithstanding any issue of material fact regarding any other essential element. *Waldrep v. Goodwin*, 230 Ga. 1, 2 (195 SE2d 432) (1973). When a motion for summary judgment is made and properly supported, the opposing party must respond and set forth specific facts showing a genuine issue for trial or else summary judgment, if appropriate, shall be entered. OCGA § 9-11-56 (e); *Meade v. Heimanson*, 239 Ga. 177, 178 (236 SE2d 357) (1977). Summary judgment was designed to enable the trial judge to filter out sham issues which may cause needless and time-consuming litigation. 'The trial judge must separate what is formal or pretended in denial or averment from what is genuine or substantial, so that only the latter may subject a party to the burden of a trial.' *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442) (1962)." *Porter v. Felker*, 261 Ga. 421, 422 (405 SE2d 31). " '(S)ummary judgment may be granted on evidence that would compel the direction of a verdict; and should be denied when a directed verdict would be improper.' 6 Moore's Federal Practice, Para. 56.15[4], p. 56-522." *Eiberger v. West*, 247 Ga. 767, 769 (281 SE2d 148). Further *McCoy* and *Burns* do not hold, as the dissent suggests, that a directed verdict is appropriate only after the defendant puts in evidence disputing ownership and agency.

Although a plaintiff responding to a motion for summary judgment generally is not required to establish a prima facie case of liability, in the instant case, because of the basis for Air Therm's motion for summary judgment, Sellers was required to "point to specific evidence giving rise to a triable issue" (*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)) on whether Air Therm owned the van that ran Sellers off the road and whether the driver of the van was an employee or agent of Air Therm and was driving the vehicle in the course and scope of his employment. Of course, the failure to provide such evidence in this instance would also constitute the failure to establish Sellers' prima facie case.

Additionally, contrary to the dissent's position, Sellers' testimony regarding the painting on the van is not specific evidence giving rise to a triable issue as to ownership and agency nor does such testimony give rise to a presumption of ownership or agency. First, Sellers has never established that the person driving the truck was an agent or employee of Air Therm so as to create the presumption of ownership by Air Therm. Therefore, any presumption arising from an unknown person being in possession of the truck is not relevant. Although in its answer Air Therm denied the allegations in Sellers'

complaint that it was the owner of the van, under our current summary judgment law because Air Therm would not have the burden of proof on this issue at trial, it was not required to prove that it was not the owner of the van. *Lau's Corp. v. Haskins*, supra at 495.

Second, Sellers did not point to evidence creating an issue for trial on whether an employee or agent of Air Therm was driving the van while it was involved in the collision. Therefore, no presumption that the driver was acting within the scope of his employment can arise.

The dissent's effort to bootstrap a case for Sellers based on the presumption of ownership and the presumption that an employee was within the scope of his employment is contrary to our law. Neither evidence that a truck had "Southern Bell" lettered on it, nor evidence that a tractor-trailer truck had the letters "UPS" on it, nor evidence that a taxicab had "Checker Cab" lettered on it, nor proof that a locomotive engine had "Southern Railway Company" written on it, unsupported by any other evidence, was sufficient to authorize inferences of ownership or that the locomotive or vehicles were being operated by agents or employees of the defendants in the course of their employment. *McCoy v. Southern Bell Tel. &c. Co.*, supra; *Burns v. United Parcel Svc.*, supra; *Clark v. Atlanta Veterans Transp.*, 113 Ga. App. 531 (148 SE2d 921); *Southern R. Co. v. Hullender*, 62 Ga. App. 274 (8 SE2d 674).

As the exact posture of Sellers' evidence is no different from the evidence in the cases cited in the preceding paragraph, the same result must be reached unless these cases are overruled. We cannot merely reach a contrary result based upon theories which are contrary to these precedents.

*Judgment affirmed. Andrews, C. J., Pope, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Eldridge, J., dissents.*

ELDRIDGE, Judge, dissenting.

Both *McCoy v. Southern Bell Tel. &c. Co.*, 172 Ga. App. 26 (322 SE2d 76) (1984) and *Burns v. United Parcel Svc.*, 135 Ga. App. 890 (219 SE2d 624) (1975) were decided on directed verdict as opposed to this case, which was decided on summary judgment. *Burns v. United Parcel Svc.*, supra, held: "Plaintiff failed to prove a *prima facie case of liability*. The directed verdict for defendant was correct." (Emphasis supplied.) See also *McCoy v. Southern Bell Tel. &c. Co.*, supra at 27.

The defendant tendered no evidence to disprove or deny plaintiff's allegations in her complaint as to ownership of the vehicle or agency and relies on plaintiff's testimony to show the absence of an essential element of plaintiff's case, agency of the driver. In opposition, plaintiff relied upon her deposition testimony where she testifies that she drove down White Bluff from Oglethorpe Mall until

Abercorn beside a white panel service truck that had Air Therm on the passenger side and on the rear door in big bold red letters and that had a Chatham County license tag; the truck was driven by a white male with dark, brown hair who swerved in front of her into her lane, stopped after she went off the road, and fled from the police.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), held: "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an *absence of evidence to support the nonmoving party's case*. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather *must point to specific evidence giving rise to a triable issue*. OCGA § 9-11-56 (e)." (Emphasis supplied.) "As we noted above, at summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." Id. at 495. Nowhere does *Lau's Corp.* hold that to repel summary judgment the plaintiff must prove a prima facie case; plaintiff must *only* "point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id. at 491. "[S]ummary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (493 SE2d 403) (1997). Even a tortured reading of *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1974) stops short of requiring plaintiff to make out a prima facie case to survive summary judgment; "it is the duty of each party at summary judgment to present her case in full or risk judgment against her." *Adams v. Sears, Roebuck & Co.*, 227 Ga. App. 695, 697 (1) (490 SE2d 150) (1997). "When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) [(1988)]." Id. at 696-697.

Plaintiff's clear and unambiguous testimony was that a service truck with Air Therm painted in big, bold letters ran her off the road. Such testimony is specific evidence giving rise to a triable issue as to ownership and agency; such testimony also gives rise on summary

judgment to a presumption of ownership and of agency, unless and until rebutted by direct evidence to the contrary.

"A person in possession of personal property is presumed to be the owner, until the contrary appears." *Gate City Fire Ins. Co. v. Thorton*, 5 Ga. App. 585, 586 (2) (63 SE 638) (1909); see also *Clark v. Atlanta Veterans Transp.*, 113 Ga. App. 531, 533 (1) (148 SE2d 921) (1966); *Giles v. Citizens Ins. Co. &c.*, 32 Ga. App. 207, 208 (1) (122 SE 890) (1924). Thus, the truck is presumed to belong to Air Therm when no evidence to the contrary appears.

"If there had been proof of *ownership* of the vehicle by the defendant there may have been sufficient circumstances to raise a jury question as to the driver's agency. . . . But there was no proof of ownership, and since the defendant [in testimony] denied ownership, no inference of it can arise from the lettering on the vehicle." *Clark v. Atlanta Veterans Transp.*, supra at 533. In this case, the defendant chose not to put into the record any denial of ownership or agency.

"It is a recognized principle under Georgia law that when an employee is involved in a collision, while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment. *West Point Pepperell v. Knowles*, 132 Ga. App. 253 (208 SE2d 17) (1974)." *Intl. Business Machines v. Bozardt*, 156 Ga. App. 794 (275 SE2d 376) (1980); see also *Gordy Constr. Co. v. Stewart*, 216 Ga. App. 882 (456 SE2d 245) (1995); *Chrostowski v. G & MSS Trucking*, 198 Ga. App. 140, 142 (1) (401 SE2d 53) (1990).

At trial plaintiff has the burden of proving both ownership and agency; however, on summary judgment plaintiff is entitled to the reasonable presumptions of ownership and agency arising from the defendant's name on the truck, when the defendant puts in the record no evidence to rebut such presumptions. It is for such reasons that the authorities relied upon by the majority were decided after the close of the plaintiff's case in chief on directed verdict. See *McCoy v. Southern Bell Tel. &c. Co.*, supra at 27; *Burns v. United Parcel Svc.*, supra.

DECIDED MARCH 18, 1998

*Crawford, Hinesley & Jennings, William F. Hinesley III*, for appellant.

*Barrow, Sims, Morrow, Lee & Gardner, Jordon D. Morrow*, for appellee.