## A98A1745. BEVERLY v. J. H. HARVEY COMPANY, INC.
### (515 SE2d 404)

BEASLEY, Presiding Judge.

After Judy Beverly was struck by an unidentified individual running down the aisle of a grocery store owned by J. H. Harvey Company, Inc., she and her husband sued Harvey for personal injury and loss of consortium. Harvey moved for and won summary judgment, asserting there was insufficient evidence that the unidentified individual was one of its employees acting within the scope of his employment.

"[A]ll inferences, and all ambiguities, and all doubts, are resolved against the movant and in favor of the party opposing the grant of summary judgment. [And] the respondent's proof is treated with indulgence."[1] Defendant is entitled to summary judgment if it can show the court that "any essential element, under any theory of recovery, is missing and incapable of proof."[2] With that in tow, the question is whether there is a genuine issue of material fact to be resolved by a jury.[3] Since the evidence thus far would not compel the direction of a verdict, it does not warrant summary judgment.[4]

Plaintiff shopper's evidence is that two young men who appeared from their attire to be employees were running to the back of the store when the front runner "caught [her] right foot and twisted [her] around" as she was stopped with her cart on an aisle. She felt her neck and back pop, and she felt sick in the stomach. The second runner, a young man she recognized as a neighbor and whom she knew later to be Eric Weaver, was asking the first one why he was late. Both kept going and ran into an area restricted to employees. The next day when the shopper reported the incident to the assistant manager, he said he "had a pretty good idea of who it was," but the injury-inflicting first runner has not been identified. The assistant manager who took the report and recorded the incident did not try to determine who the person was but simply reported it to the store manager. When Beverly talked to Weaver, he remembered the two fellows running. He also indicated fear he would get into trouble.

*Southern Bell Tel. &c. Co. v. Conyers Toyota*[5] held that it was a jury question whether an employee exiting his employer's premises after finishing his job remained within the scope of employment for tort law purposes. The same is true, as shown from the following, for coming on the job:

---

[1] (Citations and punctuation omitted.) *McCoy v. Southern Bell Tel. &c. Co.*, 172 Ga. App. 26, 27 (2) (322 SE2d 76) (1984).

[2] *Sellers v. Air Therm Co.*, 231 Ga. App. 305, 307 (498 SE2d 167) (1998).

[3] OCGA § 9-11-56.

[4] *Sellers*, supra.

[5] 190 Ga. App. 792 (1) (380 SE2d 296) (1989).

Ordinarily, the question of whether or not the act of a servant was done in the scope of his employment is for the jury. [Cit.] It has repeatedly been held that " 'the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises.' (Cits.)" [Cit.] These holdings are predicated on the rationale that until the employee has actually departed the premises, he has not "started traveling a route of (his) choosing wholly disconnected with (his) employment." [Cit.] While we recognize that these holdings have arisen in the context of workers' compensation rather than tort claims, the Georgia Supreme Court has held: " '[I]n determining whether or not the relationship of master and servant prevails in a compensation case, the same principles that exist under the common law obtain.' (Cit.)" [Cit.][6]

It is reasonable to infer that the front runner was either running to clock in or running to the back of the store to do some aspect of his job. In the latter instance, there would be no question that he was moving in the course and scope of his employment. In the former instance, a jury could find that he was hurrying through the employer's premises to clock in because he was late. Clocking-in is an activity required by an employer. A jury would not be foreclosed from finding that the runner who allegedly caused the injury of which the shopper complains was an employee acting within the scope and course of his employment.

With respect to evidence of store policy that employees not run in the store, such would not relieve the employer of liability. "[S]o long as the servant is acting within the scope of his employment, the employer is liable, though the negligent act . . . was contrary to his instructions."[7] The store owner or occupier owes a duty to invitees "to exercise ordinary care in keeping the premises . . . safe."[8] In this regard, it is liable for torts committed by its servants "in the prosecution and within the scope of [its] business, whether the same are committed by negligence or voluntarily."[9] "[I]t makes no difference that the master did not authorize [a particular act], or even know of the servant's act or neglect, or even if he disapproved or forbade it, he

---

[6] Id. at 793. See also *McCranie v. Langdale Ford Co.*, 176 Ga. App. 281, 282 (335 SE2d 667) (1985).

[7] (Citations, punctuation and emphasis omitted.) *Bacon v. News-Press &c. Co.*, 188 Ga. App. 703, 705 (373 SE2d 797) (1988).

[8] OCGA § 51-3-1.

[9] OCGA § 51-2-2; *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979); *Reynolds v. L & L Mgmt.*, 228 Ga. App. 611, 612 (1) (492 SE2d 347) (1997) (master liable for negligent or even wilful act done in prosecution of master's business).

is equally liable, if the act be done in the course of his servant's employment."[10]

To be compared fact-wise are two cases cited above for general principles of law. The facts in each case differ in significant ways so as not to be controlling.[11] In *Sellers* there was no competent evidence that the van which struck plaintiff's vehicle belonged to defendant or that the unknown person driving it was defendant's agent or employee. Here the alleged employee was the colliding object directly. His clothing, the statement being made to him, the place in which he was running (employer's store), the location to which he ran (employee-only area), the identity and employment status of the person running with him, and the assistant manager's statement to the plaintiff all constitute evidence supporting a reasonable deduction that the person was defendant's employee.

*McCoy* likewise involved a fatal paucity of evidence that the colliding truck belonged to defendant and that the driver was defendant's employee. It was considered too great a leap to allow an inference that distinctive insignia of a certain company on a truck proved ownership of the truck or that it was being operated by that company's employee. No admissions were made by the defendant company, the driver wore no clothing identifying him as a company employee, and the company showed that its insignia on a truck could mean it was not sufficiently obliterated when such vehicle was sold.[12]

Defendant J. H. Harvey Company, Inc. was not entitled to summary judgment.

*Judgment reversed. Ruffin, J., concurs. Andrews, J., concurs in judgment only.*

DECIDED FEBRUARY 22, 1999 —
RECONSIDERATION DENIED MARCH 16, 1999 — 

*Kunes & Kunes, G. G. Joseph Kunes, Jr., Fred W. Rigdon, Jr.,* for appellants.

*Clyatt, Clyatt, Wallace & DeVaughn, Robert M. Clyatt, Carl G. Fulp III,* for appellee.

---

[10] (Citation and punctuation omitted.) *Crawford v. Johnson,* 227 Ga. App. 548, 553 (2) (c) (489 SE2d 552) (1997).

[11] Of course, the rules with respect to summary judgment adjudication set out in the landmark case of *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991), do apply and are followed here.

[12] Similar deficiencies of identification were present in *Burns v. United Parcel Svc.,* 135 Ga. App. 890 (219 SE2d 624) (1975), and cits.