A06A1876. BIDDY v. CITY OF CARTERSVILLE.
(638 SE2d 874)

SMITH, Presiding Judge.

In this personal injury action, Linda Biddy contends she was injured by an unknown substance emanating from a City of Cartersville truck. She appeals from the grant of summary judgment in favor of defendant City of Cartersville, asserting that the trial court erred in concluding that she failed to demonstrate that any act or omission of the City caused her alleged injuries or that those injuries were caused by the unknown substance. We need not reach the question of medical causation of Biddy's injuries. She has failed to establish that the truck was owned or operated by the City and thus also has failed to establish that the City's act or omission caused the incident. For this reason, we affirm the trial court's grant of summary judgment.

The relevant facts are not in dispute. On December 3, 2001, Linda Biddy was driving her mother to a doctor's appointment when she pulled up behind a truck stopped at a traffic light in the City of Cartersville. She testified on deposition that the truck was a large truck with a "kind of a tank that looked like a . . . water tank. . . . And coming from the top of the back of the truck . . . was this large hose about twice the size of a dryer hose and it was black." The light turned green and the truck did not move; Biddy thought the truck was stalled and put her head out the window to look. As she did so, she was gassed or sprayed by some unknown substance "like kind of a gray mist" that came out of the hose. Biddy was "horrified because I had heard a lot about, you know, stuff, things that's overseas was coming over spraying everything." Her eyes began to burn and her throat started closing up, and she started choking and coughing. When the mist cleared, she saw the truck going down the road "still throwing out that stuff." She attempted to follow the truck, but "[h]e just kind of

disappeared. He went off in traffic and we couldn't keep up with him." Biddy and her mother never saw the truck again.

In her deposition, Biddy testified that she believed the truck belonged to the City because it had "City of Cartersville" in large red letters on the door. When she reported the incident to the police, they referred her to an assistant director in the City's maintenance department to try to locate the truck. Biddy testified that the director walked her around the truck yard and let her look at all the trucks, except for some that he said had not come in for the afternoon. She was unable to find the truck involved in the incident. She thought that a street sweeper she saw was "similar but not identical" to the truck involved, but she did not remember the "sweeper things" being on the truck. She also visited a county facility because the assistant director thought some City trucks might be there, but Biddy testified that the employees there "had the doors locked and I didn't see anything."

Her doctor told her that her symptoms were an allergic reaction to something and they needed to find out what it was. She inquired of a named person in City Hall, who told her that it was only cement dust in the street, and Biddy testified that she replied, "I seen the cement but that wasn't what sprayed me." She complains of many symptoms as a result of the alleged exposure. She does not know what the gray material that came out of the hose was, "[m]aybe a cement truck that has the liquid cement in there, you know, that mixes up, or gas, some kind of gas or pesticide, street sweeper. I don't know." The trial court held a hearing and granted the City's motion for summary judgment. From this order, Biddy appeals.

"To recover damages based upon a defendant's negligence, a plaintiff must show that the defendant's acts or omissions proximately caused the injury." (Citation and footnote omitted.) *Govea v. City of Norcross*, 271 Ga. App. 36, 44 (608 SE2d 677) (2004).

> On motion for summary judgment, the movant may prevail by (1) submitting evidence which negatives an essential element of the plaintiff's case, or (2) showing the absence of evidence supporting the case as to any essential element. If this burden is discharged by the movant, the nonmovant cannot rest on its pleadings, but instead must come forward with specific evidence giving rise to a triable issue.

(Citations, punctuation and footnote omitted.) *AdvanceMe, Inc. v. Finley*, 275 Ga. App. 415, 418 (3) (620 SE2d 655) (2005).

Georgia law is abundantly clear that the mere presence of lettering or a logo on the side of a vehicle, without more, is insufficient to establish liability.

Neither evidence that a truck had "Southern Bell" lettered on it, nor evidence that a tractor-trailer truck had the letters "UPS" on it, nor evidence that a taxicab had "Checker Cab" lettered on it, nor proof that a locomotive engine had "Southern Railway Company" written on it, unsupported by any other evidence, was sufficient to authorize inferences of ownership or that the locomotive or vehicles were being operated by agents or employees of the defendants in the course of their employment. [Cits.]

*Sellers v. Air Therm Co.*, 231 Ga. App. 305, 308 (498 SE2d 167) (1998). In that case, we concluded that a company's name on the side of a van, a description of the driver, and a partial license number "is not specific evidence giving rise to a triable issue as to ownership and agency nor does such testimony give rise to a presumption of ownership or agency." Id. at 307. This testimony does not establish that the driver was an agent or employee of the company, or that the driver was acting within the scope of his employment. Id. See also *McCoy v. Southern Bell Tel. &c. Co.*, 172 Ga. App. 26 (322 SE2d 76) (1984) (testimony that plaintiff struck by white pickup truck with colored stripes, the words "Southern Bell Telephone," and Southern Bell symbol did not make out prima facie case); *Burns v. United Parcel Svc.*, 135 Ga. App. 890 (219 SE2d 624) (1975) (testimony that truck was painted in UPS colors and had UPS symbols on tractor and trailer insufficient to show prima facie case).

Biddy argues that she has presented "circumstantial evidence" that the City was responsible for her injury, because the City had a truck in the area cleaning up some spilled cement mix bags. But Biddy presents only speculative conjecture rather than facts established by testimony in the record, and on some points her conjecture contradicts her own deposition testimony. For example, she contends in her brief that the broken cement bags were at fault, but she testified in her deposition that she saw "the cement but that wasn't what sprayed me." Moreover, she also testified that she ran over the cement herself and that the truck involved in the incident was going the wrong way to have been involved in cleaning up the cement because "[h]e would have had to run over it." Biddy also argues in her appellate brief that the City may have some truck "designed to suck up leaves or debris" and that a wrong button pushed in the cab "would blow the material it had just sucked up back out through the hose." But this is mere speculation, and unsupported by record testimony that the City owns such a truck so equipped or even that such a truck

exists. "Allegations of facts appearing only in the briefs and unsupported by evidence in the record will not be considered on appellate review. [Cit.]" *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

The truck involved in this incident was never identified, and it was never shown that the City owned a truck such as that described by Biddy. Under these circumstances, Biddy has failed to meet her burden of proof that her alleged injuries were caused by an act or omission of the City of Cartersville. The trial court therefore correctly granted summary judgment to appellee.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 17, 2006.

*Deming & Hoyt, Robert P. Hoyt*, for appellant.
*Archer & Lovell, Edward K. Lovell, Charles E. Johnson III*, for appellee.