**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 16, 2015**

# In the Court of Appeals of Georgia

A15A1609. METROPOLITAN ATLANTA RAPID TRANSIT
AUTHORITY v. MORRIS et al.

MILLER, Judge.

Kimberly Morris and Marlon Hatchett filed a personal injury suit against the Metropolitan Atlanta Rapid Transit Authority ("MARTA"), alleging that it was vicariously liable for the negligence of an unidentified MARTA bus driver who struck their vehicle. Following a trial, the jury returned a verdict for the plaintiffs. MARTA appeals, contending that (1) the trial court erred in denying its motion for directed verdict, (2) the trial court erred in refusing to instruct the jury on the plaintiffs' negligence, and (3) the jury was not authorized to award attorney fees. For the reasons that follow, we affirm.

Construed in favor of the verdict,[1] the evidence shows that on November 19, 2011, Morris and Hatchett arrived in Atlanta and checked into their hotel on Peachtree Street. They left the hotel and had dinner at a restaurant. At dinner, Morris had one margarita. After dinner, around 10:30 p.m., they drove back toward the hotel.

Morris was driving south on Peachtree Street when she stopped at a red light at the 14th Street intersection. Morris was in the right-hand lane. A MARTA bus was in the lane to her left. The bus had "MARTA" and "Five Points" written on the side of it, and there is a MARTA bus route that travels on Peachtree Street from Lenox Station to Five Points. There is only one MARTA corporation and only MARTA bus operators are permitted to drive MARTA buses. The bus was driven by a man wearing a white shirt and black pants, and a MARTA supervisor informed Morris that all MARTA bus drivers wear white shirts and black pants.

When the light turned green, both Morris and the MARTA bus began to proceed through the light. The MARTA bus veered into the right lane and sideswiped Morris's vehicle, causing it to hit the curb. The bus pulled over into the right-hand lane and then stopped at the MARTA bus stop at the next corner. At the bus stop,

[1] See *Double View Ventures, LLC v. Polite*, 326 Ga. App. 555 (757 SE2d 172) (2014).

2

passengers got on and off the bus. The bus then left the area. Both Hatchett and Morris sustained injuries and Morris's car was damaged.

Hatchett called 911. MARTA police arrived on the scene and, about 45 minutes after the accident, a MARTA supervisor arrived. Eventually, an Atlanta Police Department officer arrived and completed an investigation. The officer saw no evidence that Morris was intoxicated and administered no field sobriety tests.

At trial, a passerby, who rode MARTA everyday, testified that she was walking on Peachtree Street when she heard a crash and then saw a MARTA bus drive by Morris's vehicle and tear off the front bumper. The bus had MARTA markings, including three colored stripes. Another witness to the accident was not available at trial, but his previous statement to a MARTA claims representative was read at trial and the videotape of his deposition was played for the jury. That witness also observed the MARTA bus sideswipe Morris's vehicle.

1. MARTA contends that the trial court erred as a matter of law in denying its motion for directed verdict because the plaintiffs failed to prove vicarious liability and negligence. We discern no error.

> On appeal from the denial of a motion for a directed verdict, we construe the evidence in the light most favorable to the party opposing

3

the motion, and the standard of review is whether there is any evidence to support the jury's verdict. However, we review questions of law de novo.

(Citation and punctuation omitted*.) Cumberland Contractors, Inc. v. State Bank and Trust Co.*, 327 Ga. App. 121, 122 (755 SE2d 511) (2014).

(a) As an initial matter, MARTA argues that the trial court erred in relying on hearsay testimony in denying its motion for a directed verdict. We disagree.

(i) Statement of MARTA Supervisor.

MARTA argues that the trial court erred in relying on Morris's hearsay statement that, after she described the driver's appearance and clothing to the MARTA supervisor who responded to the scene, the supervisor told her that all MARTA bus drivers wear white shirts and black pants. MARTA did not object to Morris's testimony at trial. Pursuant to the new Evidence Code, which went into effect in January 2013, almost two years before the trial in this case, "if a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible." OCGA § 24-8-802. Accordingly, the supervisor's statement was properly admitted. See id.

4

(ii) Eyewitness's Deposition Testimony.

MARTA also argues that the trial court erred in relying on the deposition testimony of one of the eyewitnesses who identified the bus as a MARTA bus because the witness only learned that Atlanta municipal buses were called MARTA busses after the accident. Any error in relying on this testimony was harmless since Morris, Hatchett and the other eyewitness also identified the bus as a MARTA bus. See *Fortner v. Town of Register*, 289 Ga. App. 543, 547 (1) (657 SE2d 620) (2008) (admission of incompetent evidence is harmless when cumulative of other legally admissible evidence).

(b) MARTA argues that the trial court erred in denying its motion for a directed verdict because the plaintiffs failed to prove that MARTA owned the bus that hit them, that the driver was a MARTA employee and that the driver was acting in the course and scope of his employment. We disagree.

"When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master." (Citation omitted.) *Hicks v. Heard*, 286 Ga. 864, 865 (692 SE2d 360) (2010).

A vehicle's insignia, alone, is insufficient to show ownership of that vehicle or that is was operated in the course and scope of employment. See *Sellers v. Air Therm Co.*, 231 Ga. App. 305, 307-308 (498 SE2d 167) (1998) (evidence that vehicle that hit plaintiff bore defendant's name and logo was insufficient to establish that hit-and-run driver was an employee of defendant or was driving vehicle in the course and scope of his employment, as required to establish plaintiff's vicarious liability claim). Here, there was not only evidence that the bus was marked as a MARTA bus, but there was also undisputed evidence that the driver was wearing the same outfit that would be worn by a MARTA bus driver, evidence that only MARTA bus drivers are permitted to operate MARTA buses, and, most importantly, evidence that the driver let passengers on and off at a MARTA bus stop immediately after the accident.[2] This evidence was sufficient to establish that the bus driver was a MARTA employee acting in the scope of his employment and was sufficient to support the jury's verdict.

---

[2] Compare *McCoy v. Southern Bell Tel. & Telegraph Co.*, 172 Ga. App. 26, 27 (1) (1984) (evidence of vehicle's distinctive insignia, alone, is insufficient to establish ownership of a vehicle or that it was being operated by an agent or employee of defendant in the course of his employment); *Burns v. United Parcel Svcs.*, 135 Ga. App. 890 (1975) (without more, testimony that plaintiff's vehicle was hit by a brown and silver tractor trailer with letters "UPS" on the door was insufficient to prove a prima facie case of liability).

Accordingly, the trial court did not err in denying MARTA's motion for a directed verdict.[3]

(c) MARTA also argues that the trial court erred in denying its motion for a directed verdict because there was no evidence showing that the bus driver was negligent. Again, we disagree.

> In Georgia, the essential elements of a cause of action for negligence are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury. As to the issue of legal duty, the Uniform Rules of the Road require that a driver maintain and control the vehicle within the lane and not run off the roadway. The failure to maintain such control may be negligence per se.

(Citations and punctuation omitted.) *Vaughan v. Glymph*, 241 Ga. App. 346, 348 (526 SE2d 357) (1999). Both Morris and Hatchett testified that the bus driver failed to maintain his lane. This evidence was sufficient to establish negligence on the part of the driver and was sufficient to support the jury's verdict. See OCGA § 24-14-8; see

---

[3] MARTA also contends that the trial court erred in overruling its objection to the verdict form on the ground of vicarious liability. Our review of the record shows that MARTA only objected to the verdict form on the ground of its failure to permit the jury to decide the issue of contributory negligence. Accordingly, any objection to the verdict form on the basis of vicarious liability is waived. See *Ploof Truck Lines v. Bennett*, 221 Ga. App. 789, 791 (3) (472 SE2d 552) (1996).

7

also *Smith v. Carter*, 305 Ga. App. 479, 480 (1) (699 SE2d 796) (2010) ("testimony of a single witness is generally sufficient to establish a fact") (citation and punctuation omitted).

2. MARTA contends that the trial court erred in refusing MARTA's request to charge the jury, pursuant to OCGA § 51-12-33, that it could apportion liability to the plaintiffs. We disagree.

"A charge on a given subject is justified if there is even slight evidence from which a jury could infer a conclusion regarding that subject." (Citation omitted.) *Hendley v. Evans*, 319 Ga. App. 310, 311 (2) (734 SE2d 548) (2012).

Here, MARTA requested that the trial court instruct the jury that it must determine the percentage of the plaintiffs' fault, if any, and that the plaintiffs were not entitled to recover any damages if the plaintiffs were 50 percent or more responsible for the injury or damages, and if the plaintiffs were less than 50 percent responsible for any injury or damages, then the jury was to apportion the total damage award. See Suggested Pattern Jury Instructions, Vol. 1: Civil Cases (5th ed.), §§ 60.140; 60.141. MARTA also requested that the trial court give the following instruction:

> Where an action is brought against one or more persons for injury to person or property and the plaintiffs are to some degree responsible for

their injuries or damages claimed, the trier of fact (which is you the jury) in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiffs and the judge shall reduce the amount of damages otherwise awarded to the plaintiffs in proportion to their percentage of fault.

The trial court found that there was no evidence that contradicted the plaintiffs' testimony that the bus veered into their lane and refused to give the requested instructions.

Pursuant to OCGA § 51-12-33 (a), where "the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded . . . shall determine the percentage of fault of the plaintiff[.]" See also *Double View Ventures, LLC v. Polite*, 326 Ga. App. 555, 558 (1) (a) (757 SE2d 172) (2014). Fault, as used in OCGA § 51-12-33 (a) "refers to a breach of the legal duty that a plaintiff owes to exercise ordinary care to avoid injury to himself that is a proximate cause of the injury for which he now seeks to recover damages from a defendant." *Zaldivar v. Prickett*, __ Ga. __ (774 SE2d 688, 693) (1) (2015).

Where there is evidence from which the jury could conclude that the plaintiff was negligent, the jury should be instructed to apportion damages according to its

9

determination of the percentage of fault. See *Clark v. Rush*, 312 Ga. App. 333, 334 (1) (718 SE2d 555) (2011). It is, however, error to charge on the plaintiffs' contributory or comparative negligence when where is no evidence of such negligence. See *Beadles v. Bowen*, 106 Ga. App. 34, 36 (4) (126 SE2d 254) (1962)*;* see also *Lovell v. Howard*, 182 Ga. App. 891 (2) (357 SE2d 600) (1987) (no error to refuse to charge on comparative negligence when there was no evidence to support such a charge).

In the instant case, Morris and Hatchett testified that the bus veered into their lane and their testimony was corroborated by two eyewitnesses, who saw the MARTA bus sideswipe Morris's vehicle and tear off the bumper. No evidence contradicted this testimony.

Moreover, contrary to MARTA's argument, the fact that the investigating officer could not determine the cause of the accident and that the eyewitnesses, heard, rather than saw, the moment of initial impact, does not contradict the plaintiffs' testimony that the bus veered into their lane or establish that they were negligent.

MARTA also argues that the evidence that Morris had a margarita at dinner before the accident establishes that Morris was negligent. The responding officer noted in his report that he saw no evidence that Morris was intoxicated and

administered no field sobriety tests and there is no evidence in the record that Morris was intoxicated or impaired. Additionally, to the extent that MARTA argues that Morris was impaired based on her consumption of one alcoholic drink, the presence of alcohol in a person's body, by itself, does not support an inference that the person was an impaired driver. See *Frost v. State*, 297 Ga. 296, 305 (773 SE2d 700) (2015). Since there was no evidence in the record that the plaintiffs were negligent, the trial court did not err in refusing MARTA's requested instructions. Compare *Clark*, supra, 312 Ga. App. at 334 (1) (charge on plaintiff's negligence authorized where there was evidence that plaintiff was driving too fast); *Jimenez v. Morgan Drive Away, Inc.*, 238 Ga. App. 638, 641 (2) (b) (519 SE2d 722) (1999) (charge on plaintiff's contributory negligence authorized where there was some evidence that plaintiff's truck was parked partially in the travel lane).

3. MARTA contends that the jury was not entitled to award attorney fees pursuant at OCGA § 13-6-11 because there was a bona fide controversy as to whether MARTA was vicariously liable for the actions of the bus driver. We discern no error.

OCGA § 13-6-11 provides that where "where the defendant has acted in bad faith, has been stubbornly litigious, *or* has caused the plaintiff unnecessary trouble and expense, the jury may" award the plaintiff attorney fees and expenses of

11

litigation. (Emphasis supplied.) "Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense are generally questions for the trier of fact to decide. An award of attorney fees under OCGA § 13-6-11 will be affirmed if there is any evidence to support it." (Citations omitted.) *Charter Drywall Atlanta, Inc. v. Discovery Technology, Inc.*, 271 Ga. App. 514, 517 (2) (610 SE2d 147) (2005).

Contrary to MARTA's argument, the existence of a bona fide controversy negates the possibility of a statutory award of attorney fees only "[w]here bad faith is not at issue." *Lamb v. State Farm Mut. Auto Ins. Co.*, 240 Ga. App. 363, 365 (1) (522 SE2d 573) (1999). Here, the plaintiffs alleged that MARTA acted in bad faith.

> Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. . . . [D]espite the existence of a bona fide controversy as to liability, a factfinder may find that defendant acted in the most atrocious bad faith in his dealing with the plaintiff.

(Citations and punctuation omitted.) *Burlington Air Express, Inc. v. Georgia-Pacific Corp.*, 217 Ga. App. 312, 313 (457 SE2d 219) (1995). In Georgia, it is a crime for a driver to leave the scene of an accident resulting in injury or damage to a vehicle. See OCGA § 40-6-270. Here, the undisputed evidence in this case showed that the

12

MARTA bus driver hit the plaintiffs in the course and scope of his employment and then fled the scene. Based on this evidence, the jury could have concluded that the driver, and thus, MARTA, acted in bad faith in dealing with the plaintiffs, and the jury was entitled to award attorney fees to the plaintiffs on that basis.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur.*