[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 21-14470

Non-Argument Calendar

————————————————

DAVID PEARSON,
SANDRA PEARSON,

Plaintiffs-Appellants,

*versus*

JOHN DOE,
WERNER ENTERPRISES, INC.,

Defendants-Appellees,

DOLLAR GENERAL CORPORATION, et al.,

2                    Opinion of the Court                    21-14470

Defendants.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-00314-WMR

———————————

Before WILLIAM PRYOR, Chief Judge, WILSON, and BRASHER, Circuit Judges.

PER CURIAM:

David and Sandra Pearson appeal the summary judgment in favor of Werner Enterprises, Inc., and against their amended complaint for injuries they sustained when a semi-trailer truck struck their motorcycle. The Pearsons also sued Hogan Dedicated Services, LLC, but the couple does not appeal the summary judgment entered in its favor. See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012). The Pearsons argued that Werner owned and operated the truck that caused their accident, but Werner denied responsibility. The district court ruled that, under state law, the "facts and circumstances . . . fail[ed] to create a genuine issue for [a] jury regarding the ownership of the [truck] and whether the [truck] was being operated by [a Werner] employee or agent . . . within the course and scope of employment." We affirm.

As the Pearsons drove northbound in the left lane on Interstate 75 in Georgia, a semi-trailer truck pulling a trailer owned by Dollar General drove alongside the couple in the middle lane of traffic. Between exits 201 and 205 for Jackson, Georgia, the truck merged into the Pearsons' lane and sideswiped their motorcycle, which knocked the couple off their motorcycle and onto the road.

Ashley Gunter and Aaron Martin stopped their vehicles. Gunter, Martin, and his wife, Althea Bush, ran to aid the Pearsons. When law enforcement arrived, the three eyewitnesses reported that the trailer bore the Dollar General logo. Gunter also reported that the truck was "dark blue" with "white writing."

When deposed, Martin testified that the "[t]he semi-trailer truck was a Werner truck." Martin stated that he saw the "dark blue" cab when the collision caused "one of the tires [to] go[] flat on the [Dollar General] trailer." Martin knew "it was [a] Werner" truck because, as a commercial driver, he saw its trucks regularly hauling Dollar General trailers. Martin acknowledged that the "dark blue" Werner truck "look[ed] just like the Hogan truck," but "Hogan . . . [was] a newer company with Dollar General . . . [and he] never [had] seen Hogan hauling a Dollar General truck in the Atlanta area or Butts County area" where the accident occurred. On further questioning, Martin stated that the logo on the truck was "blue with a yellow or white outline."

The Pearsons filed a complaint in a state court that alleged Werner was vicariously liable for the negligence of its unnamed employee, and Werner removed the action to federal court, *see* 28

U.S.C. § 1332. After the Pearsons amended their complaint, Werner moved for summary judgment. Werner submitted a declaration from its director of safety that no Werner truck was involved in the Pearsons' accident. The director declared that every Werner truck was equipped with a tracking device that recorded its location and speed and that alerted the company of a "'critical event' such as a sudden deceleration or lateral movement beyond a certain threshold.'" The director stated that seven company trucks were attached to Dollar General trailers on the day of the accident and that the trucks' tracking data established that they were far away from the accident. Werner attached to the declaration a report listing the location history of its trucks.

The Pearsons opposed summary judgment and submitted the deposition of a manager for Dollar General. The manager testified that there was a "very high likelihood" that the trailer involved in the Pearsons' accident originated in Jackson, Georgia, which was the exclusive distribution center for Dollar General in the state, and that the "only providers that pull trailers out of that Jackson distribution center are Werner Enterprises and Hogan Transport." But the manager acknowledged that Dollar General also used "Averitt Express, US Express[,]" "Schneider National and XPO Logistics" to pull its trailers, and he could not eliminate the possibility "that another carrier could have routed his driver down 75." The manager testified that "less than 60 percent" of its trailers had tracking devices on the day of the accident. And the investigation performed by Dollar General revealed that seven trailers with

tracking devices were being pulled by Hogan or Werner; that six of the trailers were excluded from involvement based on their location data; and that the seventh trailer "ha[d] not been accounted for by either Werner or Dollar General."

The district court entered summary judgment in favor of Werner. Based on the "insignia rule" in Georgia, the district court ruled that Martin's statement that there was a Werner logo on the truck that caused the Pearsons' accident, without more, was insufficient to establish that Werner was liable. The district court determined that the Pearsons' evidence that the semi-trailer truck was dark blue, that Werner transported Dollar General trailers, and that Werner frequently traveled near the Dollar General distribution center where the accident occurred was too "tenuous" to establish Werner owned the truck that caused the accident due to the evidence that Dollar General used other carrier companies and that Werner excluded its trucks from involvement. The district court also determined that there was "simply no evidence, other than the tractor-trailer's mere proximity to the distribution center, that the driver of the tractor-trailer was operating the vehicle within the scope of his employment at the time of the accident."

We review a summary judgment *de novo. Newcomb v. Spring Creek Cooler Inc.*, 926 F.3d 709, 713 (11th Cir. 2019). We view the facts and draw all reasonable inferences from those facts in the Pearsons' favor. *See id.* Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the

6                    Opinion of the Court                    21-14470

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To avoid summary judgment on their complaint of negligence, the Pearsons had to establish a causal connection between their injury and Werner. *Stadterman v. Southwood Realty Co.*, 865 S.E.2d 231, 233 (Ga. Ct. App. 2021), *cert. denied*, (Ga. 2022). Under Georgia law, which the parties agree applies, "the mere presence of lettering or a logo on the side of a vehicle, without more, is insufficient to establish liability." *Biddy v. City of Cartersville*, 638 S.E.2d 874, 876 (Ga. Ct. App. 2006). It is too great an inferential leap to presume ownership or agency based merely on the visual observation of a company's name or distinctive insignia on a vehicle. *Sellers v. Air Therm Co.*, 498 S.E.2d 167, 168 (Ga. Ct. App. 1998). A plaintiff must "'point to specific evidence giving rise to a triable issue' on whether [the company] owned the [vehicle] that [caused the accident] . . . and whether the driver of the [vehicle] was an employee or agent of [the company] and was driving the vehicle in the course and scope of his employment." *See id.* at 169.

The district court did not err by entering summary judgment in favor of Werner. The Pearsons' evidence fell short of creating a material factual dispute that Werner was liable for the accident. Werner established that none of its trucks transporting a Dollar General trailer were near the Pearsons' accident. Martin's testimony that the Pearsons were sideswiped by a truck with a Werner logo did not establish that the company owned or operated the truck. *See Sellers*, 498 S.E.2d at 168–69. The Pearsons argue that

Werner is responsible because its trucks are dark blue, haul Dollar General trailers, and travel on Interstate 75 in and around Butts County after collecting trailers from the Dollar General distribution center. But the Pearsons' "[s]peculation does not create a *genuine* issue of fact" as to the ownership of the truck. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). And the Pearsons submitted no evidence from which to infer that a Werner employee or agent drove the truck that caused the accident. *See Sellers*, 498 S.E.2d at 169. The Pearsons failed to offer substantial evidence to create a genuine issue of material fact that the truck that injured the Pearsons belonged to Werner or was driven by its employee or agent.

We **AFFIRM** the summary judgment in favor of Werner.